**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1931-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM SHEPHERD, a/k/a
WILLIAM B. SHEPHERD, WILLIAM
SHEPARD, WILLIAM SHEPERD, MARCUS
GREGORY, WILLIAM SHEPHARD,
WILLIAM B. SHEPHARD, and WILLIAM
BRYANT SHEPERD,

    Defendant-Appellant.

_____

Submitted October 9, 2018 – Decided October 23, 2018

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 06-02-0252.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Susan L. Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William Shepherd appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We set forth the tortured procedural history and trial evidence underlying defendant's convictions in our prior opinion. State v. William Shepherd, No. A-2427-08 (App. Div. Aug. 5, 2014). At the first trial, the jury acquitted defendant of some charges, convicted him of burglary and could not reach a verdict on other charges. Shepherd, slip op. at 2. Before any retrial, a grand jury returned a second indictment charging defendant with obstruction and witness tampering. Id. at 3. At a single, joint trial thereafter, the jury acquitted defendant of the charges remaining from the first indictment but convicted him of the charges in the second indictment. Ibid. The judge sentenced defendant on September 8, 2008, to an aggregate ten-year period of imprisonment with three and one-half years of parole ineligibility. Ibid.

We affirmed defendant's conviction and sentence on direct appeal. Id. at 4, 22. The Supreme Court denied his petition for certification. State v. Shepherd, 220 N.J. 269 (2015).

Defendant filed a pro se PCR petition on July 6, 2015, nearly seven years after entry of the judgments of conviction.[1]  The court appointed PCR counsel, who filed a brief alleging the ineffective assistance of trial counsel (IAC). Essentially, defendant claimed that trial counsel's lack of preparation for defending the charges in the second indictment forced defendant to testify at the second trial against his will.  Defendant also claimed trial counsel rendered ineffective assistance by failing to object when jurors were sleeping during trial.[2]

The PCR judge, who was not the trial judge, heard oral argument and denied defendant's petition.  He found it was time-barred, see Rule 3:22-12(a)(1), because it was filed more than five years after entry of defendant's judgments of conviction without any showing of excusable neglect.  The judge concluded that defendant's claim regarding the joinder of the two indictments, and the effect that had upon his decision to testify at the second trial, was also procedurally-barred because we had rejected the argument as to improper

---

[1]  The trial judge entered two judgments of conviction, one for each indictment.

[2]  PCR counsel incorporated by reference the allegations made in defendant's pro se petition.  Although not expressed as IAC claims, defendant alleged he did not want to testify at the second trial and jurors were sleeping during trial.  He also alleged his sentence was "punishment for exercising his right to trial."

A-1931-16T1

joinder on direct appeal. <u>Shepherd</u>, slip op. at 16-18; <u>see</u> <u>R.</u> 3:22-5 (barring PCR relief on any ground previously adjudicated on the merits). Noting the trial record revealed that counsel made the judge aware of "sleeping jurors," the PCR judge reasoned that defendant's IAC claim on this ground was barred because it could have been raised on direct appeal, but was not. <u>Shepherd</u>, slip op. at 4; <u>see</u> <u>R.</u> 3:22-4(a) (barring, with certain exceptions, PCR relief based upon "[a]ny ground for relief not raised . . . in any appeal").

Lastly, without explication, the PCR judge stated he considered the "substantive issues" and found "there [was] absolutely no basis for [PCR] relief or an . . . evidentiary hearing . . . ." He entered an order denying the petition and this appeal followed.

Before us, defendant contends the late filing of his PCR petition was due to excusable neglect or confusion, because his direct appeal was pending. He notes that he filed the petition shortly after we filed our judgment. Defendant also argues that his IAC claim regarding trial counsel's lack of preparation to try the charges in the second indictment was never adjudicated on direct appeal, nor could his IAC claim regarding the sleeping jurors be presented on direct appeal. He asserts he was entitled to an evidentiary hearing as to both substantive IAC claims. We disagree and affirm.

4

Initially, the petition was time-barred and defendant failed to demonstrate the delay was caused by excusable neglect. Rule 3:22-3 provides that a PCR petition may not be filed while appellate review is pending, however, our courts have uniformly held that neither appellate review, State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986), nor the filing of a federal habeas corpus petition, State v. Milne, 178 N.J. 486, 494 (2004), tolls the five-year time bar in Rule 3:22-12. Rule 3:22-6A specifically provides for the dismissal without prejudice of a PCR petition filed while direct appeal is pending and the commencement of a new ninety-day filing period after entry of the judgement on direct appeal.

Recently, we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).]

Here, there was no "competent evidence" demonstrating any excusable neglect for the delay in filing the PCR petition. Indeed, during oral argument before the PCR judge, without objection, the prosecutor alluded to defendant's escape from custody during the first five years of his sentence.

We do not necessarily agree with the judge's rationale regarding the other procedural bars to defendant's IAC claims. See State v. Allen, 398 N.J. Super. 247, 257 n.8 (App. Div. 2008) (recognizing the difference in some cases between issues "framed on direct appeal and as presented now in the context of [IAC]"). Nevertheless, there is no evidence supporting defendant's assertion that trial counsel was unprepared to try the case. See State v. Porter, 216 N.J. 343, 355 (2013) (a defendant's PCR petition must contain "specific facts and evidence supporting his allegations"). Moreover, the trial record reveals that trial counsel, far from rendering ineffective assistance, actually brought the problem of "sleeping jurors" to the trial judge's attention on more than one occasion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1931-16T1