# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0044-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HECTOR M. TIRADO II,

     Defendant-Appellant.

_____

Submitted March 16, 2020 – Decided July 27, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 05-02-0071.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In November 2005, defendant Hector M. Tirado entered an open plea of guilty to two counts of fourth-degree sexual contact, N.J.S.A. 2C:14-3(b) (counts one and three); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two).[1] At the plea hearing, the judge questioned defendant about his understanding of the terms of the plea bargain and waiver of his rights, after which, defense counsel elicited a factual basis for the charges. The prosecutor also questioned defendant, specifically about the ages of both defendant and the victim when the alleged offenses took place. Given the nature of the charges, the judge informed defendant that he would be sentenced to community supervision for life (CSL). Defendant also completed plea forms to that effect.

At the February 2007 sentencing, defense counsel argued for a non-custodial probationary sentence. The judge denied counsel's request, stating that although defendant did not "need the time in jail to reinforce the lesson" of his wrongdoing, it was "necessary in order to promote a public perception that this

---

[1] "An 'open plea' [is] one that did not include a recommendation from the State, nor a prior indication from the court, regarding sentence." State v. Kates, 426 N.J. Super 32, 42 n.4 (2012), aff'd 216 N.J. 263 (2014). Defendant was originally charged in count one with second-degree sexual assault, N.J.S.A 2C:14-2(c), but that charge was downgraded to fourth-degree sexual contact with a minor at the time of defendant's guilty plea.

A-0044-18T3

. . . conduct has serious consequences." Defendant was sentenced to a term of eighteen months' probation conditioned on serving 120 days in the county jail. In addition, defendant was ordered to register pursuant to Megan's Law and placed on parole supervision for life (PSL).[2]

Defendant moved to amend the judgment of conviction (JOC), arguing the sentence, which included both probation and parole, was illegal. Pursuant to a December 2, 2008 consent order, the JOC was amended to remove the probationary term previously imposed, and to correct the statutory citation regarding count one of the indictment. The amended JOC reflected defendant was serving a sentence of parole supervision for life. The JOC was amended yet again, in January 2011, to correct statutory references and to merge counts one and three into count two of the indictment. The 2011 JOC again reflected defendant's sentence to PSL.

In 2017, more than six years after the entry of the final amended JOC, and ten years after his initial sentencing, defendant filed a PCR petition alleging ineffective assistance of counsel (IAC), and a motion to withdraw his guilty

---

[2] On the JOC, the word "community" was crossed out, and the handwritten word "parole" was inserted prior to the words "supervision for life."

plea.[3] Defendant averred that although plea counsel told him he "would be on [CSL]," counsel never advised him that a consequence of his guilty plea would be a sentence to PSL. He also claimed that plea counsel "was confident that [defendant] would do no jail time."

Defendant argued that his petition was not time-barred because he was not aware of the full consequences of a PSL sentence until 2013, when he was arrested on a parole violation, and his life spiraled downward as a result. Defendant claimed that he would not have entered a guilty plea if he knew about the consequences of a PSL sentence. Defendant's motion to vacate his guilty plea was predicated on the assertion that the plea was made "without a knowing and voluntary waiver of rights," because he was never informed that he would be sentenced to PSL.

Judge Kevin M. Shanahan, who was not the judge at any of the previous hearings, considered the arguments of counsel, and, in a well-reasoned written opinion, denied the PCR petition without an evidentiary hearing and also denied defendant's motion to withdraw his guilty plea. Judge Shanahan found that defendant's PCR petition was filed well beyond the five-year time limit

---

[3] Counsel who represented defendant at the time of his guilty plea and at sentencing passed away in 2010.

contained in Rule 3:22-12, and defendant had failed to establish excusable neglect. As the judge noted, defendant's 2008 amended JOC made it clear that he was sentenced to PSL, and defendant's certification acknowledged that as of 2008, he began reporting to parole, not probation. As a result, Judge Shanahan rejected defendant's claim that only his subsequent violation of PSL made him aware that PSL was a component of his sentence that "possessed its own conditions, requirements, and penalties distinct from those of [p]robation or CSL . . . ."

The judge also rejected defendant's claim that application of the time-bar would result in a "fundamental injustice" by addressing the merits of defendant's IAC claim. Noting the differences between CSL and PSL and accepting defendant's certification that plea counsel never discussed PSL with defendant, the judge assumed arguendo that defendant had demonstrated "a reasonable probability that counsel's performance was deficient," the first prong of the Strickland/Fritz standard.[4]

However, Judge Shanahan concluded defendant failed to demonstrate a reasonable probability that plea counsel's deficient performance affected the

---

[4] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

outcome. Fritz, 105 N.J. at 58. He noted the beneficial plea counsel secured for defendant, which reduced count one of the indictment from a second- to fourth-degree crime. The judge reasoned, "[W]ithout any plausible claim of innocence or defense, defendant would have faced a harsher sentencing exposure, and, more importantly, he would have faced the same PSL requirements had he proceeded to trial, as opposed to entering a guilty plea." In sum, Judge Shanahan concluded defendant's petition was time-barred, but, even if it were not, defendant failed to satisfy the second prong of the Strickland/Fritz standard.

The judge also addressed defendant's motion to withdraw his guilty plea by considering the factors enunciated by the Court in State v. Slater, 198 N.J. 145 (2009).[5] Judge Shanahan noted that defendant "present[ed] no claim of innocence." The judge concluded that the nature and strength of defendant's reasons for withdrawing did not justify relief, because defendant delayed asserting prejudice from his PSL sentence for years. Judge Shanahan placed little weight of the third Slater factor, recognizing that although defendant benefited from a downgraded first count of the indictment, his guilty plea was

---

[5] These factors are: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of [the] defendant's reasons for withdrawal; (3) [was the plea entered as part] of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157–58.

A-0044-18T3

an open plea without any commitment from the State as to a sentence recommendation. Finally, the judge concluded permitting withdrawal of defendant's guilty plea would likely prejudice the State "as more than thirteen years ha[d] passed from the time of the underlying incident, and witnesses' memories have likely faded during this time." The judge entered an appropriate order, and this appeal followed.

Defendant raises the following points for our consideration:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISINFORMING HIM ABOUT THE PENAL CONSEQUENCES OF HIS PLEA.

POINT TWO

[DEFENDANT'S] GUILTY PLEA MUST BE SET ASIDE.

POINT THREE

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S INEFFECTIVENESS CLAIM WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE

TIME[]BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Having considered these arguments in light of the record and applicable legal standards, we affirm, substantially for the reasons expressed by Judge Shanahan. We add only the following.

Rule 3:22-12(a)(1)(A) generally requires that absent a defendant's "excusable neglect" and the "reasonable probability" that a "fundamental injustice" would result if "defendant's factual assertions were . . . true[,]" a first PCR petition must be filed no more than five years "after the date of entry . . . of the judgment of conviction that is being challenged . . . ." The time bar is not tolled by the pendency of appellate review, State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986), or by the entry of an amended JOC following re-sentencing, State v. Dugan, 289 N.J. Super. 15, 20–21 (App. Div. 1996). When a PCR petition is filed more than five years after the JOC,

> a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).]

We agree with Judge Shanahan's reasoning in rejecting defendant's claim of excusable neglect. Defendant was fully aware in 2008 that he was subject to PSL as a result of his earlier guilty plea. "A defendant cannot decide to remain intentionally ignorant of the legal consequences of his decision as a means of establishing excusable neglect." Id. at 471. Nor has defendant shown that enforcing the five-year time bar would cause fundamental injustice. The Court has said, "Our courts will find fundamental injustice when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome' or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)). Defendant's claim that mistaken references at the time he pled guilty to CSL, instead of PSL, led him to plead guilty when he otherwise would not have pled guilty and instead would have gone to trial, is not rational. See, e.g., State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) ("[T]o obtain relief from a conviction following a plea, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010))).

A-0044-18T3

The standards applicable to a defendant's motion to withdraw his guilty plea differed from those required in considering his PCR petition. Id. at 368–72. Judge Shanahan properly considered the Slater factors in denying defendant's motion to withdraw his guilty plea, and we find no mistaken exercise of his discretion in this regard. Slater, 198 N.J. at 156.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0044-18T3