208 N.J. Super. 722 (1986)
506 A.2d 848
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE LEE DILLARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 17, 1986.
Decided March 26, 1986.
*724 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and HAVEY.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Babette Cole, Designated Counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General, attorney for respondent (Donald S. Burak, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
A 13 count indictment was returned in Camden County in 1973 charging defendant as follows: first count, assault with intent to rape, N.J.S.A. 2A:90-2; second count, being armed while committing the assault, N.J.S.A. 2A:151-5; third count, kidnapping, N.J.S.A. 2A:118-1; fourth count, kidnapping while armed, N.J.S.A. 2A:151-5; fifth count, possession of a knife with the intent to use it unlawfully against another person, N.J.S.A. 2A:151-56; sixth count, possession of a weapon in a public place, N.J.S.A. 2A:151-41(c); seventh count, threatening to take a life, N.J.S.A. 2A:113-8; eighth count, assault with a deadly weapon, N.J.S.A. 2A:90-3; ninth count, atrocious assault and battery, N.J.S.A. 2A:90-1; tenth count, atrocious assault and battery, N.J.S.A. 2A:90-1; eleventh count, lewdness, N.J.S.A. 2A:115-1; twelfth count, abduction, N.J.S.A. 2A:86-2; thirteenth count, abduction while armed, N.J.S.A. 2A:151-5. Defendant pleaded not guilty and a jury trial ensued. At the trial counts 8, 10, 12 and 13 were dismissed and defendant was convicted on the remaining counts.
Defendant was sentenced on January 26, 1977 as follows. On counts 1 and 11 defendant was sentenced under the Sex *725 Offenders Act to consecutive sentences of 12 and 3 years. On all the other counts defendant was not sentenced under the Sex Offenders Act. On the third count defendant was sentenced to a term of not less than 30 years and not more than 35 years to run consecutively to the term on counts 1 and 11. On the second and fourth counts defendant was sentenced to terms of not less than one year nor more than two years to run concurrently with the term on the third count. On the fifth and sixth counts he was sentenced to terms of not less than one year nor more than three years to run concurrently with the term on the third count. On the seventh and ninth counts defendant was sentenced to terms of not less than three nor more than five years to run concurrently with the term on the third count. Defendant appealed and in an unreported decision on July 9, 1979 we affirmed his conviction but granted him substantial relief with respect to the sentence. Specifically we held as follows:
Accordingly, sua sponte, we will merge the two convictions for carrying a knife under counts five and six and the conviction on count seven of threat to kill into the convictions on counts one and two for assault with intent to rape while armed. See State v. Young, 77 N.J. 245, 248, n. 1 (1978), holding that a conviction for assault with an offensive weapon merges into that for assault with intent to kill; State v. Best, 70 N.J. 56 (1976), holding that possession of a dangerous knife and assault with a dangerous weapon merge into an armed robbery conviction. Therefore, we vacate the convictions and sentences imposed on counts five, six and seven. We also direct that the sentences on the non-sex offenses, kidnapping while armed (counts three and four) and atrocious assault and battery (count nine) be made concurrent with those imposed under the Sex Offender Act. State v. Clark, supra; State v. McCauley, supra.

On July 11, 1979 the trial court entered an order modifying the sentences in accordance with our opinion. Defendant's subsequent petition for certification was denied on March 11, 1980.
More than five years after the conviction and original sentence defendant filed a petition for post-conviction relief which the judge denied as untimely under R. 3:22-12. Subsequently *726 defendant filed a second petition for post-conviction relief.[1] In his supporting brief he asserted that the petition should be deemed timely as in his view the five-year limitations period in R. 3:22-12 should be measured from the completion of the appellate proceedings. Substantively he argued that he was entitled to relief because he had been denied effective assistance of counsel. He specifically asserted that his trial attorney:
... did not effectively investigate and prepare his defense. Mr. Dillard indicates that an eye witness to the crime, who was known to his attorney and who apparently would have exculpated Mr. Dillard, was not located or questioned by defense counsel. Mr. Dillard further indicates that when he asked his attorney to investigate this particular matter, he was advised by his attorney that they would not investigate the matter, and that he would have to secure his own investigator.
On May 17, 1984 the judge denied the second petition as untimely under R. 3:22-12, it having been filed more than five years after the conviction. The judge further found that defendant had not demonstrated excusable neglect. Defendant has appealed from this second denial of relief.
On this appeal defendant contends:
(1) Since post-conviction relief proceedings are not available until after appellate remedies are exhausted and, as a convicted, confined defendant, unrepresented by counsel, the time for defendant to apply for post-conviction relief should be extended.
(2) The conviction in this matter should be vacated and a new trial ordered since the defendant was denied fundamental federal and state constitutional rights of effective assistance of counsel.
R. 3:22-12 provides that except to correct an illegal sentence, a petition for post-conviction relief must be filed not more than *727 five years after the judgment or sentence attacked though the time may be extended if defendant shows there was excusable neglect. Defendant asserts the time should be extended as under R. 3:22-3 a petition for post-conviction relief may not be filed while appellate review is available.
We reject this contention for several reasons. Firstly, there is no provision for tolling in R. 3:22-12 by reason of a direct appeal from the conviction being available or actually having been filed. In other situations when the time for taking an appeal or other action is tolled by reason of the pendency of other proceedings the Supreme Court has specifically so provided. See R. 2:4-3 (tolling time for appeal and time for notice of petition for certification); R. 2:8-3 (motion for summary disposition tolling time to perfect further an appeal); R. 4:6-1(b) (time to file some pleadings extended by certain motions). Clearly the Supreme Court recognized that a defendant would be likely to have an appeal pending during the five years following the judgment or sentence sought to be attacked and indeed dealt with this very possibility in R. 3:22-3. Thus we infer that the Supreme Court intentionally omitted any provision from R. 3:22-12 to toll the five years while direct appellate relief was available. Secondly, ordinarily direct appeals are completed within five years of the judgment or sentence, thus permitting a timely filing of a petition for post-conviction relief.[2] Thirdly, with the passage of time it may become more difficult to rule upon the allegations in a petition for post-conviction relief, particularly when, as in this case, relief is sought based on matters outside the record.
We are also satisfied that there is no basis to attribute defendant's delay to excusable neglect. As set forth in defendant's *728 trial court brief in support of his second petition for post-conviction relief:
The defendant has attempted to pursue his case without the aid of an attorney. As a result, he attempted to pursue the matter in the Federal Courts, and upon being denied relief there for failure to exhaust remedies, initiated this proceeding in his own right.
Thus it is clear that defendant's decision not to file his petition for post-conviction relief in a State court until after the expiration of the limitations period in R. 3:22-12 was the result of his intentional choice of forums. Further, we see nothing in the record to support a finding that defendant was unaware of the time constraints of R. 3:22-12. But even if he claimed unfamiliarity with the five-year rule, we would be reluctant to extend the time for the filing of the petition. In our view it is likely that if we ruled that unfamiliarity with the five-year rule could be considered excusable neglect under R. 3:22-12 defendants would not be diffident about asserting their ignorance of the rule.
We recognize that our result may be inconsistent with the Law Division opinion in State v. Hale, 116 N.J. Super. 106 (Law Div. 1971), aff'd 120 N.J. Super. 469 (App.Div. 1972). To the extent that it is we decline to follow Hale. We point out that while we affirmed the judgment in Hale "essentially" for the reasons expressed by the trial judge, the trial judge though entertaining an untimely petition for post-conviction relief denied it on the merits. Accordingly, what we actually affirmed was the denial of relief and thus we consider the authority of our opinion on the procedural issue as diminished.
The order of May 17, 1984 is affirmed.
NOTES
[1] According to the brief submitted in the trial court in support of the petition the petition was filed December 27, 1983. Of course, both petitions were filed within five years of entry of the order of July 11, 1979 but inasmuch as defendant does not attack the sentences in that order and instead challenges only his conviction we measure the five years from the original trial court proceedings.
[2] The State concedes that if the direct appeals took more than five years a court might conclude the time for the petition could be extended.