**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3470-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BARRINGTON G. MCDONALD,

    Defendant-Appellant.

_____

Submitted September 18, 2018 – Decided   October 23, 2018

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 07-03-0503.

Barrington G. McDonald, appellant pro se.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Barrington G. McDonald appeals from the dismissal of his second petition for post-conviction relief (PCR). We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(2) and otherwise lacks merit.

In January 2007, defendant was driving in Atlantic City while intoxicated and he struck and caused serious bodily injury to a pedestrian. The State alleged that the pedestrian was struck within 1,000 feet of a school and defendant was indicted for second-degree assault by automobile while driving in a school zone, N.J.S.A. 2C:12-1(c)(3)(a), and fourth-degree causing injury while driving without a license, N.J.S.A. 2C:40-22(b). Defendant was also issued summonses for several motor vehicle violations. Several months later, defendant pled guilty to second-degree assault by automobile while driving in a school zone. He also pled guilty to driving while intoxicated, N.J.S.A. 39:4-50, and driving with a suspended license, N.J.S.A. 39:3-40. Under defendant's plea agreement, the prosecutor agreed to recommend that defendant be sentenced in the third-degree range to three years in prison.

Prior to sentencing, defendant moved to withdraw his guilty plea claiming that the plea was not knowing and intelligent because it was not clearly established that the accident occurred in a school zone. The trial court denied

A-3470-16T3

defendant's motion and sentenced him to three years in prison in accordance with the plea agreement.

On direct appeal, we affirmed defendant's convictions for second-degree assault by auto in a school zone and driving while intoxicated. State v. McDonald, A-4937-07 (App. Div. Aug. 25, 2010).[1] The Supreme Court granted certification and also affirmed. State v. McDonald, 211 N.J. 4 (2012).

On his direct appeal, defendant argued that there was no proof that his accident occurred within 1,000 feet of school property. In that regard, he contended that the school at issue was on property owned by a church, but the school building itself was not within 1,000 feet of the accident. The Supreme Court rejected that argument and held that the "accident occurred within 1,000 feet of a school property used for school purposes that meets the standard of N.J.S.A. 2C:12-1(c)(3)(a)[.]" Id. at 10.

Defendant filed a first petition for PCR in August 2012. He contended that his plea counsel had been ineffective in failing to obtain a school zone map before he pled guilty. The first PCR court denied that petition in September 2013. We affirmed that denial and the Supreme Court denied certification. State

---

[1] We remanded for further proceedings regarding defendant's conviction for driving with a suspended license.

v. McDonald, No. A-1637-13 (App. Div. Aug. 3, 2015), certif. denied, 223 N.J. 556 (2015).

Defendant filed a second petition for PCR on August 2, 2016. The second petition, like the first petition, claimed that plea counsel, as well as defendant's first PCR counsel, had been ineffective in not obtaining a school zone map and failing to investigate the scope of the school zone. The second PCR court denied the petition in an order entered on February 17, 2017. In response to a letter sent from defendant, the court issued a second order on March 17, 2017 dismissing the second petition. The second PCR court issued letter opinions in support of both the February and March 2017 orders.

On this appeal, defendant challenges the dismissal of his second petition for PCR. Defendant makes several different arguments, but all of those contentions are based on his claim that the motor vehicle accident did not occur within 1,000 feet of a school and, therefore, he did not violate N.J.S.A. 2C:12-1(c)(3)(a). Specifically, on this appeal defendant makes four main arguments, which he articulates as follows:

> POINT I (A) – DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE THE STATUTE CONCERNING THE SCHOOL ZONE PORTION OF [2C:12-1(c)(3)(a)] (EVEN AS AMENDED) (Aa34) BECAUSE THE STATUTE WAS AMBIGUOUS AND THE LAW WAS NOT SETTLED

WITH RESPECT TO SCHOOL PROPERTY VERSUS DIOCESEAN CHURCH PROPERTY ISSUE AT THE TIME OF THE ACCIDENT, PLEA HEARING OR EVEN AT SENTENCING ITSELF BUT NOT UNTIL THE SUPREME COURT DECIDED AND SETTLED THE <u>LEGAL</u> ASPECT OF THE LAW ON THIS ISSUE VIA A JUDICIAL EXPANSION OF PAROCHIAL SCHOOL PROPERTY TO INCLUDE ALL AREAS OF CHURCH PROPERTY ON WHICH A SCHOOL IS SITUATED.

(B) – THE COURTS ERRED IN THAT THE LAW AS CURRENTLY DEFINED BY THE SUPREME COURT SHOULD NOT HAVE BEEN APPLIED RETROACTIVELY TO ME BECAUSE MY CASE IS A CASE OF FIRST IMPRESSION AND BECAUSE OF THE UNEXPECTED AND UNFORESEEABLE JUDICIAL EXPANSION OF THE 1,000 FOOT SCHOOL ZONE WHICH NOW INCLUDES ALL AREAS OF CHURCH PROPERTY VIOLATES THE DUE PROCESS CLAUSE UNDER THE "VOID FOR VAGUENESS STANDARD" BECAUSE IT OPERATES PRECISELY LIKE AN []"EX-POST FACTO" LAW AND BECAUSE THE SUPREME COURT'S MAJORITY AND MINORITY BOTH CONCURRED THAT THE STATUTE [2C:12-1(c)(3)(A)] AS IT WAS WRITTEN IN 2007 WAS SUBJECT TO MORE THAN ONE PLAUSIBLE INTERPRETATION.

POINT II (A) – I WAS PREJUDICED AND SUBSTANTIALLY DEPRIVED OF MY STATE ([<u>N.J. CONST</u>. ART. I, ¶ 10]) AND FEDERAL CONSTITUTIONAL RIGHTS MEMORIALIZED IN THE 5TH, 6TH AND 14TH AMENDMENTS TO THE EFFECTIVE ASSISTANCE OF BOTH COURT APPOINTED TRIAL AND 1ST-TIER PCR COUNSELS AND THE DUE PROCESS OF LAW IN

THAT BOTH COUNSELS FAILED TO INVESTIGATE MY WITNESSES AND OBTAIN AFFIDAVITS FROM THE PRIEST OF OUR LADY STAR OF THE SEA SCHOOL AND THE SISTER IN CHARGE OF THE SCHOOL AFTER BEING INSTRUCTED BY ME TO CONTACT THE PRIEST FOR THAT INFORMATION AS PRIOR PRIVATE AND APPELLATE COUNSELS EXECUTED SO THAT I COULD PROVE THAT THE RECTORY WAS NOT USED FOR SCHOOL PURPOSES WHICH WAS EVIDENCE THAT 1ST PCR JUDGE ASKED FOR IN ORDER TO BE PERSUADED TO GRANT RELIEF.

(B) 1ST TIER PCR COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO PER THE SUPREME COURT'S SPECIFIC PCR INSTRUCTIONS: INVESTIGATE AND ARGUE ON THE RECORD AT PCR ORAL ARGUMENT THE NEED FOR AN EVIDENTIARY HEARING IN ORDER TO ASCERTAIN BOTH TRIAL COUNSELS' TRIAL STRATEGY AND SPECIFIC REASONS FOR THE ABSENCE OF AND FAILURE TO OBTAIN AND REVIEW THE 1,000 FOOT SCHOOL ZONE MAP PRE-TRIAL, PRE-PLEA AND WHY THEY FAILED TO PRODUCE THE STATE'S MAP AT THE PLEA HEARING AND FAILED TO VERIFY THE 1,000 FOOT DISTANCE BEFORE THE ENTRY OF A GUILTY PLEA THAT CAUSED THE ENTRANCE OF A GUILTY PLEA WITHOUT INVESTIGATING MY SPECIFIC REASONS FOR PLEADING GUILTY BEFORE THE TRIAL COURT THAT I NEVER WOULD HAVE ENTERED WITH THE STATE'S MAP IN HAND PRE-PLEA AND NOT THE DEFENSE COUNSEL SURVEY.

POINT III – THE STATE'S WHOLE ARGUMENT IS VOID BECAUSE THE STATE NEVER MEASURED

6

THE SCHOOL ZONE TO PROVE THAT ELEMENT OF THE CHARGE AND THEREFORE DEFENDANT WAS THEREBY PREJUDICED.

POINT IV – DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE WITHOUT COUNSEL'S INEFFECTIVE ASSISTANCE AND THE [WITHHOLDING] OF THE STATE'S MAP IN MY POSSESSION PRE-PLEA THE OUTCOME OF THE PLEA PROCESS WOULD HAVE BEEN DIFFERENT.

Defendant's second PCR petition is not timely and it lacks merit. A second or subsequent PCR petition must be dismissed if it is not timely and it does not allege certain narrow grounds for such a petition. R. 3:22-4(b). In that regard, the petition must allege on its face one of three bases for relief:

(A)   that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition . . . that was unavailable during the pendency of any prior proceedings; or

(B)   that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence and the facts underlying the grounds for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C)   that the petition alleges a prima facie case of ineffective assistance of counsel that represented defendant on the first . . . application for [PCR].

[R. 3:22-4(b)(2).]

Here, defendant's second PCR petition was not filed within the one-year limit required in Rule 3:22-12(a)(2). His first petition was denied in 2013, and his second petition was filed in 2016. The appeal of the first petition did not toll the one-year time limitation. See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986).

Defendant's argument that the holding in his own case, McDonald, 211 N.J. at 4, was retroactively applied to the facts of his case is wholly without merit and warrants no discussion in a written opinion. See R. 2:11-3(e)(2). Moreover, defendant's second PCR petition does not assert or rely on either a new constitutional right or facts that could not have been discovered earlier. Instead, defendant reiterates the same arguments that he made both on direct appeal and in his first PCR petition. Those contentions do not establish a prima facie showing of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Consequently, the contentions raised by defendant in his second PCR petition do not satisfy any of the three requisites in Rule 3:22-4(b)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3470-16T3