**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2424-18T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JUAN A. ROSARIO, a/k/a
JOSE GOMEZ, and
KING BLACK ROSE,

 Defendant-Appellant.

_____

Submitted March 2, 2020 – September 4, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 05-12-2152.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M.S. Hebbon, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan Rosario appeals from the November 8, 2018 order of the Law Division denying his petition for post-conviction relief (PCR), relating to his November 18, 2011 judgment of conviction, on the basis that the application was time-barred by Rule 3:22-12. Defendant, in addition to making arguments regarding ineffective assistance of both his trial and appellate counsel, argues that the statutory time bar for filing his PCR petition should have been relaxed in the interests of justice. We agree that defendant did not demonstrate excusable neglect to justify filing his petition more than seven months late, and affirm, substantially for the reasons set forth by Judge James X. Sattely in his thorough written opinion.

We discern the following facts from the record. In February 2005, defendant, the highest-ranking member of the Latin Kings in Passaic County, was involved in two related criminal incidents. The first involved setting up a sham drug deal to capture Ralph Pinto and Paul Ricciardi to retaliate against them for robbing Jose Vega, a high-ranking member of the Latin Kings. During the sham drug deal, Pinto was fatally shot and Ricciardi was wounded. Defendant was also involved in the attempted murder of Monica Penalba, a

friend of several Kings members. Defendant ordered that Penalba be killed after she witnessed the events involving Pinto and Ricciardi.[1]

Pertinent to the present appeal, defendant's trial for the attempted murder of Penalba was held between June and July 2011. The jury returned a verdict convicting defendant on counts of attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a); aggravated assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:12-1(b)(1); and conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-2(a)(1)(2). An amended judgment of conviction from this trial was entered against defendant on November 18, 2011, and defendant received an aggregate sentence of twenty years in prison for these charges.[2]

---

[1] Defendant was indicted in December 2005 on twenty-two separate counts stemming from these incidents. The trial judge severed the indictment to distinguish counts one through seventeen of the indictment, which concerned defendant's actions with respect to the murder of Pinto and assault of Ricciardi, from counts eighteen through twenty-two, which concerned defendant's actions with respect to the attempted murder of Penalba.

[2] A separate trial was held in 2008 on defendant's charges related to Pinto and Ricciardi, for which he was also convicted on several charges. Defendant appealed his conviction and sentence in that trial, which we affirmed in an unpublished opinion. State v. Vega, Nos. A-4673-08, A-5311-08 (App. Div. Apr. 10, 2012) (slip op. at 70). The Supreme Court denied certification. State v. Rosario, 212 N.J. 288 (2012). Defendant then filed a petition for PCR as to his 2008 trial, which the trial court denied in a written opinion entered on May 28, 2014. Defendant filed a notice of appeal on September 24, 2014, appealing the trial court's denial of his petition for PCR. We thereafter affirmed the trial

Defendant appealed his conviction and sentence in his 2011 trial, which we affirmed in an unpublished opinion. State v. Rosario, No. A-4676-11 (App. Div. Sep. 13, 2016) (slip op. at 20). The Supreme Court denied certification. State v. Rosario, 230 N.J. 490 (2017). Defendant then filed the instant application for PCR on July 10, 2017 as to his 2011 conviction, and a hearing was held on his application on October 2, 2018. Rejecting defendant's contention that the Rule 3:22-12 time bar was subject to relaxation pursuant to Rule 1:1-2, the PCR judge entered an order on November 8, 2018 denying defendant's application for failure to establish excusable neglect. This appeal followed.

On appeal, defendant raises the following point headings for our consideration:

> POINT I: THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PETITION FOR [PCR] WAS TIME BARRED BECAUSE THE INTERESTS OF JUSTICE WARRANT RELAXATION OF THE TIME BAR.
>
> POINT II: THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY

court's decision denying that PCR application. State v. Vega, Nos. A-278-14, A-655-14 (App. Div. May 5, 2016) (slip op. at 26).

4

HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

a. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

b. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO INTERVIEW JUAN VERAS AND TO CALL HIM AS A WITNESS AT TRIAL.

c. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO OBJECT TO PREJUDICIAL TESTIMONY.

d. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO TIMELY OBJECT TO SECURITY MEASURES ADOPTED BY THE COURT.

e. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO ASK FOR LESSER-INCLUDED CHARGES.

f. APPELLATE COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO RAISE DEFENDANT'S CLAIMS OF TRIAL COURT ABUSE OF DISCRETION ON APPEAL.

g. DEFENDANT IS ENTITLED TO A REMAND TO THE TRIAL COURT TO AFFORD HIM AN

EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

We reject defendant's argument that the interests of justice required the PCR judge to relax the time constraints of the Rule. A PCR petition shall be filed no later than "[five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). The time bar may be relaxed if a defendant establishes that the delay "was due to [the] defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Ibid. Rule 3:22-12(a)(1) was amended, effective February 2010, to require that a defendant also demonstrate that a "fundamental injustice" would occur if the time to file were not extended. Pressler & Verniero, Current N.J. Court Rules, R. 3:22-12 (2015).

> The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition. To determine whether a defendant has asserted a sufficient basis for relaxing the Rule's time restraints, we "should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."

6

> State v. Afanador, 151 N.J. 41, 52 (1997). Excusable neglect provides the means for a court to address and correct a criminal judgment where "adherence to it would result in an injustice." State v. McQuaid, 147 N.J. 464, 485 (1997)[.]
>
> [State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).]

The Court waived the five-year time bar in Norman because there was no evidential support to sustain the defendant's guilty plea. Norman, 405 N.J. Super. at 160. By contrast, here there is no such demonstration of injustice.

Defendant was sentenced on November 18, 2011. He did not file for PCR until July 10, 2017; five years and seven months after his conviction and thus out of time. "When determining whether to relax the time bar . . . a court should consider 'the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" McQuaid, 147 N.J. at 485 (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). The petition itself must include the claimed grounds for excusable neglect. State v. Cann, 342 N.J. Super. 93, 101-02 (App. Div. 2001). Defendant's petition, however, did not allege any reasons to explain the delay in filing his PCR petition. In that regard, defendant's direct appeal of his 2011 conviction did not toll the requirement that he file his PCR application within the required timeframe.

See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (determining that a defendant's direct appeal of their conviction would not toll the five-year requirement because Rule 3:22-12 contains no such provision and because our Supreme Court has not held differently). Therefore, we conclude there are no compelling, extenuating circumstances to excuse the lengthy delay nor sufficient proof of a "fundamental injustice." R. 3:22-12(a)(1)(A).[3]

While defendant's PCR application was indisputably time-barred, the PCR judge also addressed his application on the merits. Although not necessary to our decision, in applying the test developed in Strickland v. Washington, 466 U.S. 668, 687 (1984) as applied to our courts by State v. Fritz, 105 N.J. 42, 66-67 (1987), we agree with the PCR judge's conclusion that defendant's substantive arguments are without merit for the reasons expressed by the judge in his well-reasoned and thorough thirty-six-page written opinion.

To the extent we have not addressed any remaining arguments, we determine that they are insufficient to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

---

[3] While the PCR judge refers to November 18, 2011 in the analysis of his opinion as defendant's date of sentencing, we briefly clarify that the date is relevant because his amended judgment of conviction was entered on this date.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2424-18T1