**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2175-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROCCO MALDONADO,

     Defendant-Appellant.

_____

Submitted April 19, 2021 – Decided May 19, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Ocean County, Law Division, Indictment No. 10-07-1246.

Rocco Maldonado, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rocco Maldonado appeals from the December 2, 2019 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

I.

On October 14, 2011, in connection with a home invasion robbery, a jury found defendant guilty of first-degree robbery, N.J.S.A. 2C:15-1 (counts one and two); second-degree burglary, N.J.S.A. 2C:18-2 (count three); fourth-degree possession of a prohibited devices, N.J.S.A. 2C:39-3(h) (count four); and fourth-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(e) (count five).  After the jury returned its verdict, defendant pled guilty to one count of fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7 (count six).

In our prior opinion addressing the denial of defendant's first PCR petition, we summarized the underlying facts in this case:

> In summary, defendant was captured soon after the robbery.  At the time of his arrest, he spontaneously admitted that he "broke in" and was "sorry."  The State presented additional, overwhelming evidence of defendant's guilt, including evidence that his DNA was found on a black face mask that the robber left at the victims' home.  His DNA was also found on some gloves in a black bag, which contained burglary tools and was found near the victims' home.

2

[State v. Maldonado (Maldonado II), No. A-2368-16 (App. Div. March 22, 2018) (slip op. at 2).]

On February 10, 2012, the trial court sentenced defendant to an aggregate prison term of forty years, with a mandatory eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7. We affirmed defendant's conviction and sentence on direct appeal. State v. Maldonado (Maldonado I), No. A-4047-11 (App. Div. Jan. 15, 2015).

On November 23, 2015, defendant filed his first petition for PCR, alleging ineffective assistance of trial counsel for failing to make certain objections and denial of due process. The PCR court heard oral argument and denied defendant's petition in a written opinion on December 2, 2016. We affirmed the PCR court's decision, Maldonado II, slip op. at 4, on March 22, 2018. The Supreme Court denied certification on December 13, 2018. State v. Maldonado, 236 N.J. 230 (2018).

On July 19, 2019, defendant pro se filed his second petition for PCR, this time alleging trial counsel misadvised him of the essential elements of first-degree robbery; he believed he could not be convicted of first-degree robbery because "nothing was taken from the home" during the home invasion. Defendant claims, in reliance on this misadvise, he chose to go to trial rather than accept a lesser sentence through a plea.

3

The PCR court issued an order requiring defendant to show cause as to why his second PCR petition was timely. After receiving defendant's response, the PCR court denied defendant's second petition in a December 2, 2019 order because defendant failed to file his second petition within one year of the denial of his first petition. See R. 3:22-4(b); R. 3:22-12(a)(2).

On this appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED BY DENYING DEFENDANT'S SECOND PCR PETITION FOR POST-CONVICTION RELIEF WITHOUT ADDRESSING THE MERITS OF HIS INEFFECTIVE ASSISTANCE OF PCR COUNSEL CLAIM FOR PCR COUNSEL'S FAILURE TO RAISE ON THE INITIAL PCR PETITION THAT DEFENDANT WAS [DENIED] THE EFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS.

POINT II

THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATION BECAUSE DEFENDANT'S CLAIMS OF INEFFECTIVENESS OF COUNSEL FALL WITHIN BOTH STATE AND FEDERAL CONSTITUTION AND NEW JERSEY COURT RULES GOVERNING SECOND PCR PETITIONS.

A-2175-19

## II.

We review the PCR court's legal conclusions de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  Id. at 421.

"A second or subsequent petition for post-conviction relief shall be dismissed unless . . . it is timely under Rule 3:22-12(a)(2) . . . ."  R. 3:22-4(b).  Rule 3:22-12(a)(2) provides,

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> A. the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> B. the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> C. the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent

A-2175-19

application for postconviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

Defendant's second petition is untimely under Rule 3:22-12(a)(2). First, defendant's petition is untimely under Rule 3:22-12(a)(2)(A) because he asserts no newly recognized constitutional right. Next, defendant's petition is untimely under Rule 3:22-12(a)(2)(B) because his claim, based on alleged ineffective assistance of counsel prior to trial in 2011, asserts no evidence or information that could not have been discovered earlier through the exercise of reasonable diligence. Lastly, defendant's petition is untimely under Rule 3:22-12(a)(2)(C) because the PCR court denied his first petition on December 2, 2016, more than two years and seven months before he filed his second petition on July 19, 2019. See also State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (holding that the time bar is not tolled by the pendency of appellate review).

Defendant's claim of fundamental injustice provides no refuge from the time bar because Rule 3:22-12(a)(2) does not allow relief based on fundamental injustice. See State v. Jackson, 454 N.J. Super. 284, 293-94 (App. Div. 2018) (explaining that Rule 3:22-12(a)(1)(A), which allows for the late filing of a first

PCR petition where excusable neglect and a fundamental injustice are shown, "has no application to second or subsequent petitions").

Because "enlargement of <u>Rule</u> 3:22-12's time limits 'is absolutely prohibited[,]'" <u>id.</u> at 292 (citations omitted), defendant's second PCR petition was properly dismissed as mandated by <u>Rule</u> 3:22-4(b) and we need not reach the merits of defendant's remaining arguments. <u>Id.</u> at 297.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2175-19