**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0445-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BENJAMIN CAPERS, a/k/a
BENJAMIN COOPER and
COOPER BENJAMIN,

     Defendant-Appellant.

_____

Submitted November 6, 2024 – Decided January 17, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 09-04-0384 and 09-04-0385).

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

James O. Tansey, First Assistant Prosecutor, Designated Union County Prosecutor for purpose of this appeal, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Benjamin Capers appeals the denial of his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged with the following counts brought in connection with two separate robberies which took place on January 12 and January 28 of 2009: second-degree certain persons not to have weapons or ammunition, N.J.S.A. 2C:39-7; first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree aggravated assault with a weapon, N.J.S.A. 2C:12-1b(4); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:20-7; second-degree eluding, N.J.S.A. 2C:29- 1(b); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a).

We recount the facts from our most recent unpublished opinion, State v. Capers, No. A-4514-18 (App. Div. Nov. 20, 2020) (Capers III), affirming denial of defendant's second PCR petition:

> On January 12, 2009, while working at his store, Mayan Makim was robbed at gunpoint. Makim stated that he recognized the gunman as a recent shopper. The man grabbed a woman customer and told her that he was not going to hurt her. Defendant gave Makim a bag and

2

demanded money. Makim gave the man money from the cash register as well as the cigarettes the man requested. Both Makim and the customer identified defendant in a photo array and at trial.

On January 28, 2009, Anil Patel was sweeping his store when a man wearing a green jumpsuit and black hat entered the store. The man jumped over the counter, displayed a silver handgun and a laundry bag, then demanded money from Patel. After Patel put the money in the laundry bag, he observed the man leave the store. He saw a brown minivan pull away from the store, called 9-1-1, and reported the license plate number of the minivan. The police pursued the brown minivan based on Patel's description. The minivan eventually crashed into a cement divider. Defendant exited the minivan and fled, but he was apprehended by police. When the police caught defendant, he was wearing a green jumpsuit. In the minivan, the police found a silver handgun, hat, black gloves, and laundry bag containing $4.66 in change. After his arrest, defendant was processed, and he had $418.00.

The police brought Patel to the scene of the arrest where he identified the minivan and defendant, and again at trial. Patel testified he was one-hundred percent sure that defendant was the person who robbed him.

Defendant testified that he was not in Linden, the location of Makim's store, on January 12, 2009, nor was he at Patel's store on January 28, 2009. He testified that at around 4:00 p.m., on January 28, 2009, he and Monica Way discussed buying a dog for their daughter. Monica Way testified at trial and corroborated defendant's testimony. Further, defendant testified he borrowed Tynesha Moore's minivan on January 28. While driving the minivan, a man in a green jumpsuit knocked on the van's window with a handgun and

A-0445-22

demanded that defendant open the door. Defendant testified the man in the green jumpsuit forced defendant to help him evade the police or else the man would shoot defendant. He drove the van until it lost control and crashed. He also testified that he tried to tell the police about the carjacking by the man in the green jumpsuit.

[slip op. at 1-4.]

After trial, defendant was convicted on all counts except for fourth-degree possession of hollow-nose bullets. Defendant was sentenced to an aggregate forty-five years in prison. We affirmed defendant's convictions and sentence on direct appeal. State v. Capers, No. A-4369-10 (App. Div. Apr. 19, 2013) (Capers I).

On December 9, 2013, defendant filed his first petition for PCR. In that petition, defendant argued three grounds for ineffective assistance of counsel (IAC), alleging that his trial counsel failed to pursue a Wade[1] hearing, failed to present a DNA expert to counter the State's expert, and failed to act in a timely manner to preserve Patel's 9-1-1 call. The PCR judge denied his petition without an evidentiary hearing. Defendant appealed, and we affirmed for the reasons explained in our unpublished opinion, State v. Capers, No. A-565-14 (App. Div. July 31, 2017) (Capers II).

---

[1] U.S. v. Wade, 388 U.S. 218 (1967).

A-0445-22

On July 27, 2018, defendant filed a second PCR. On May 28, 2019, the second PCR judge dismissed defendant's second petition without an evidentiary hearing, finding the petition was time-barred. The judge nonetheless addressed the merits of defendant's petition in a written opinion. Defendant appealed his second PCR denial on June 20, 2019, and we affirmed on November 20, 2020, for the reasons explained in our unpublished opinion, Capers III.

Defendant makes an unsupported and unverifiable assertion that he filed his third petition on April 13, 2020. However, the record shows his third PCR petition was filed on June 10, 2020. On July 15, 2020, a PCR judge dismissed defendant's third PCR petition without prejudice due to the pending appeal of the denial of his second PCR, incorrectly citing Rule 3:22-6A(2). Defendant then re-filed his third PCR petition on June 7, 2021. His third PCR petition claimed that counsel was ineffective for failing to move for a severance of the two robbery charges and that his appellate and PCR counsel were ineffective for failing to raise this issue. Defendant also claimed that PCR counsel was ineffective for failing to obtain and present an alibi witness's certification. The third PCR judge, different from the PCR judge who dismissed defendant's third PCR petition, denied relief without an evidentiary hearing, finding that the petition was not only time barred but deficient on the merits. The PCR judge

found that although defendant demonstrated counsel's performance was deficient in failing to move to sever the two robbery charges, defendant was not prejudiced by this deficiency. Regarding defendant's claim that counsel was deficient for failing to investigate and call an alibi witness, the PCR judge found these claims had been disposed of on prior petitions and were barred.

On appeal, defendant argues two points. He contends the trial court committed error when it found the third PCR petition time barred. He also argues that the trial court committed error in its analysis of the merits of defendant's third PCR claim.

Our court rules place strict limitations on second and subsequent petitions for PCR. They compel dismissal of a subsequent PCR petition unless the defendant's claim is: (1) brought within the applicable time; and (2) falls within one of three grounds for relief. See R. 3:22-4(b).

We consider timing first. Rule 3:22-4(b)(1) requires second and subsequent PCR petitions to be timely filed under Rule 3:22-12(a)(2), which states that petitions cannot be filed beyond one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

6

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

We next consider the permissible grounds of relief for a timely second or subsequent PCR petition. Rule 3:22-4(b)(2) requires that a second or subsequent petition for PCR allege either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

7

It is well-established that the time to file a PCR petition is neither stayed nor tolled by appellate or other review proceedings. See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (citing R. 3:22-12).

Our review of the record together with the applicable rules leads us to conclude that defendant's third PCR petition, although initially dismissed by a PCR judge citing an incorrect reason, was properly found to be time barred.

Although the June 10, 2020 third PCR petition was time-barred, a PCR judge dismissed the petition on July 15, 2020, citing an incorrect reason, the pending appeal of the second PCR. Perhaps seizing on this incorrect rationale, defendant refiled his petition on June 7, 2021. While defendant's initial third petition was filed beyond the one-year time limit, defendant's refiled petition of June 7, 2021, is also time barred because PCR petitions are neither stayed nor tolled when there is a pending appeal. Stated plainly, defendant's third PCR petition is time barred as he was denied relief on his second PCR petition on May 28, 2019, and did not file until June 10, 2020, over a year later.

Although defendant's petition is time barred, we address the merits of defendant's claims for completeness.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div.

2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

To establish a prima facie claim of IAC, the defendant must show: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Notably, PCR proceedings are not an opportunity to re-litigate claims already decided on the merits in prior proceedings. State v. McQuaid, 147 N.J. 464, 483 (1997). Therefore, "[a] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476.

Defendant first claims IAC because counsel failed to move to sever the two robbery charges. The record shows the third PCR judge agreed that trial counsel's performance was deficient but concluded that defendant failed to meet his burden to establish prejudice under the second prong of Strickland. The third PCR judge found the evidence presented against defendant at trial to be "overwhelming." The judge found defendant could not show he was prejudiced

9

by trial counsel's deficient performance on the severance issue. We agree. Defendant has not demonstrated how the alleged errors of counsel on severance undermined the reliability of the trial. State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Next defendant argues ineffective assistance by claiming trial counsel failed to investigate and call an alibi witness, and that PCR counsel was ineffective for not raising these issues in the first two PCR petitions. The third PCR judge correctly noted that the first and second PCR petitions previously addressed the alibi issue, and that this claim is barred. See Capers III, slip op. at 13. See also R. 3:22-5.

The third PCR judge properly dismissed defendant's petition without an evidentiary hearing. To the extent that we do not address any argument raised by defendant on appeal, the contention lacks sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0445-22