# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0171-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL WOODY,

     Defendant-Appellant.

_____

> Argued January 7, 2025 – Decided March 11, 2025
>
> Before Judges Bishop-Thompson and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-06-0497.
>
> Samuel Woody, appellant, argued the cause pro se.
>
> Milton S. Leibowitz, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Milton S. Leibowitz, of counsel and on the brief).

PER CURIAM

Defendant Samuel Woody appeals from an August 17, 2023, order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record and governing law, we affirm.

I.

We incorporate our decisions affirming defendant's convictions for second-degree official misconduct, N.J.S.A. 2C:30-2, and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), State v. Woody, No. A-4281-13 (App. Div. Apr. 18, 2016) (slip op. at 2-21), and denying defendant's first PCR petition, State v. Woody, No. A-0229-18 (App. Div. Nov. 14, 2019) (slip op. at 2-13). We summarize the relevant facts briefly, as supplemented by the additional facts from the PCR record.

In July 2011, defendant's co-worker, Plainfield police officer Fernando Sanchez was dating K.C.[1] One evening, K.C. saw Officer Sanchez's police car parked outside another woman's house and became upset. K.C. removed Sanchez's personal cellphone from his police car and used it to call the other woman in an effort to contact him.

---

[1] We use initials to protect the privacy of the victim. R. 1:38-3(c)(12).

Defendant, also employed as a Plainfield police officer, later called K.C. and asked her to return Sanchez's phone. At trial, K.C. testified she did not know defendant personally but knew him as Sanchez's friend. K.C. traveled to police headquarters, returned the phone, admitted to stealing it, and explained her motives. K.C. was served with a summons, charging her with fourth-degree theft and third-degree burglary. K.C. was advised she was free to leave.

Defendant followed K.C. outside and asked her to meet him later to "discuss what was going on." K.C. agreed, and they met near her apartment complex. K.C. believed defendant was still on duty at this time because he was in his police uniform, had his police radio, and was driving his police vehicle.

At defendant's direction, K.C. then followed him to a location near his cousin's house. Defendant informed her that she could receive five years in prison for entering the officer's patrol car and removing his phone. Defendant further stated that he was the individual who would file the paperwork, enter the charges into the computer, and could "get rid of the paperwork." K.C. testified she interpreted this to mean that her charges would be dismissed. K.C. asked defendant if he could just trust her and get rid of the paperwork. Defendant responded that he could lose his job by doing so.

As K.C. was preparing to leave, defendant asked to see her genitals. K.C. testified she asked defendant at least ten times if he could just trust her, but he indicated that she would have to do something to gain his trust. Defendant asked K.C. if she was recording their conversation. K.C., concerned that defendant was doing something wrong, began recording their conversation. K.C. further testified that she placed her cellphone in the ashtray of her car and pressed record. She then decided to accede to defendant's request to expose her vaginal area because she had a young son and did not want to go to jail. During the trial, the recording of the incident was played for the jury, showing defendant requesting that K.C. expose her vaginal area in exchange for his agreement to resolve the criminal charge favorably for her.

Defendant arrived at K.C.'s apartment later the same day and served her with a summons and complaint that contained upgraded charges. When K.C. asked defendant "what about what I did," he replied, "that never happened."

At trial, defendant claimed he had a dating relationship with K.C. and assisted her financially. According to defendant, he was off duty when he arrived later at K.C.'s home after her arrest. Defendant contended that he and K.C. had a consensual encounter.

A-0171-23

A jury convicted defendant of second-degree official misconduct and fourth-degree criminal sexual contact. On the official misconduct count, defendant was sentenced to a six-year term of imprisonment with a five-year parole ineligibility period. Defendant was sentenced to a concurrent eighteen-month term of imprisonment on the sexual contact conviction. On direct appeal, we affirmed defendant's convictions and sentence. Woody, No. A-4281-13, slip op. at 8. Our Supreme Court denied defendant's petition for certification. State v. Woody, 227 N.J. 111 (2016).

On July 5, 2017, defendant, initially self-represented, filed his first PCR petition, generally contending ineffective assistance of counsel at the trial level. Thereafter, PCR counsel was assigned and filed a supplemental brief. After oral argument, the judge rejected defendant's claims of ineffective assistance of counsel and denied his petition without an evidentiary hearing. The first PCR judge, who also presided over defendant's trial, found defendant's claims that trial counsel failed to investigate the case fully, failed to present an alibi defense, and failed to call Sanchez and Acting Lieutenant Richard Urbanski,[2] were without merit.

---

[2] In the record, Acting Lieutenant Urbanski is also referred to as Sergeant Urbanski. He was the defendant's supervisor at the time of the incident.

A-0171-23

On September 17, 2018, defendant filed a notice of appeal. We affirmed the denial of defendant's first PCR petition. Woody, No. A-0229-18, slip op. at 13. Our Supreme Court denied defendant's petition for certification. State v. Woody, 241 N.J. 83 (2020).

Defendant then filed a petition for certiorari with the United States Supreme Court. On May 24, 2021, the Supreme Court denied defendant's petition for a writ of certiorari. Woody v. New Jersey, 593 U.S. ___, 141 S. Ct. 2679 (2021).

On May 20, 2022, defendant, initially self-represented, filed his second PCR petition, claiming ineffective assistance of counsel by his first PCR counsel. Defendant retained counsel, who filed a supplemental brief, amplifying defendant's ineffective assistance of counsel claims. Specifically, defendant argued that both his trial and first PCR counsel were ineffective because they failed to investigate and present evidence supporting his description of his relationship with K.C. and version of events. By failing to call Sanchez, Lieutenant Urbanski and Calvin Harrison, who provided a certification stating that he had seen defendant and K.C. in social settings in 2011, defendant argued he was deprived effective assistance of counsel. Defendant also argued that his second PCR petition was timely, and he was entitled to discovery to establish

his claims.

After oral argument on August 2, 2023, the second PCR judge denied defendant's petition without an evidentiary hearing, concluding it was procedurally time-barred pursuant to Rule 3:22-12(a)(20) and substantively without merit. The second PCR judge found "no violation of a new constitutional right," establishing defendant's right to file beyond the one-year time limitation. In rejecting defendant's claims that his first PCR counsel failed to investigate the case or present evidence to support his ineffective assistance of counsel claims, the judge concluded "there was a lack of evidence presented . . . that any of the witnesses would provide testimony that would have altered the verdict." Thus, the second PCR judge concluded defendant failed to stablish the second prong under the Strickland/Fritz[3] test. This appeal followed.

II.

On appeal, defendant raises two arguments for our consideration, which he articulates as follows:

> POINT I
>
> THE TRIAL COURT ERRED IN HOLDING THAT THE SECOND PETITION FOR [PCR] WAS OUT OF TIME. THE EXCEPTIONAL CIRCUMSTANCES OF

---

[3] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

THE CASE AMOUNT TO THE PETITION CONSIDERED TIMELY AND THE INTERESTS OF JUSTICE REQUIRE THE RELAXATION OF [RULE] 3:22-12'[s] PROCEDURAL TIME[-]BAR.

POINT II

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF OR AN EVIDENTIARY HEARING ON THE ISSUE OF THE FAILURE TO INVESTIGATE THE CASE OR CALL [CALVIN] HARRISON AS A CORROBORATING WITNESS WHO OBSERVED THE ALLEGED VICTIM AND DEFENDANT'S INTERACTIONS FOR PURPOSES UNDER N.J.S.A 2C:14-7 RAPE SHIELD SEXUAL CONDUCT INFRINGING UPON [] DEFENDANT'S RIGHT TO TESTIFY REGARDING HIS SEXUAL HISTORY WITH ALLEGED VICTIM TO NEGATE THE ELEMENTS OF FORCE OR COERCI[O]N REFLECTED IN INDICTMENT UNDER N.J.S.A 2C:14-7 TO PRESENT A COMPLETE DEFENSE.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition [for PCR relief] shall be filed more than one year after the latest of:"

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Rule 3:22-12(b) addresses the time limitations for the filing of a second PCR and provides that "[t]hese time limitations shall not be relaxed, except as provided herein." We have explained that subparagraph (b) was added "to make clear that the general time limits to file a petition for post-conviction relief as set forth in [Rule] 3:22-12 cannot be enlarged or relaxed except as specifically set forth in [Rule] 3:22-12(a)." State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (quoting 2007-2009 Sup. Ct. Crim. Prac. Comm. Rep. at 4-5) (internal quotation marks omitted).

Here, defendant's second PCR petition was filed well beyond the one-year time limit. Moreover, as the second PCR judge explained, defendant has not asserted a newly recognized constitutional right or that his claim of ineffective assistance of counsel is based on information or evidence that could not have been discovered earlier through due diligence. See R. 3:22-12(a)(2).

Defendant contends that his petition was timely because it was filed within one year of the U.S. Supreme Court's denial of his petition for writ of certiorari. In support of his argument that these exceptional circumstances warrant relaxing

9

Rule 3:22-12(a)'s time restriction, defendant relies on a footnote in our decision in State v. Dillard. 208 N.J. Super. 722 (App. Div. 1986). His reliance on Dillard is misplaced.

First, in Dillard, we addressed the timeliness issue of the filing of petitioner's first PCR petition. See id. at 728. Second, we clearly stated that there is no authority for the tolling of the time requirements for the filing of a PCR petition by the "pendency of other proceedings . . . ." Id. at 727. Defendant offered no authority to support his contention that the filing of a second PCR petition is permitted within one year of the U.S. Supreme Court's denial of his petition for a writ of certiorari. Thus, we are satisfied the second PCR judge correctly dismissed defendant's second PCR petition as time-barred.

Even if we were to review defendant's claim that he was denied effective assistance of counsel by both his trial and PCR counsel, we would affirm for the reasons set forth by the second PCR judge. When a PCR judge does not conduct an evidentiary hearing, we review both the factual inferences drawn by the judge from the record and the legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020) (citing Jackson, 454 N.J. Super. at 291).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness . . . ." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted). Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

Having conducted a de novo review of the record, we agree with the second PCR judge's decision to deny defendant's second PCR petition. Defendant provided no evidence that either his trial attorney or his PCR counsel was ineffective by inadequately investigating his case and failing to call certain witnesses, particularly Harrison. As the second PCR judge found, in light of the overwhelming evidence in the case, defendant failed to assert facts that further investigation or that other witnesses would have altered the verdict. Moreover, as the second PCR judge stated, "[d]efendant was tape recorded committing the

11

crime." This "tape was devastating, []unambiguous, [] [and] clear." Thus, the second PCR judge's decision denying defendant's second PCR petition on substantive grounds is well supported by the substantial credible evidence in the record and is consistent with the applicable law.

We are also satisfied that the second PCR judge did not abuse his discretion to proceed without an evidentiary hearing. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citation omitted).

Therefore, we affirm the order denying defendant's second PCR petition without an evidentiary hearing on both procedural and substantive grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division