**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1679-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARIN HICKSON, a/k/a
DAARON HIXON,

     Defendant-Appellant.

_____

Submitted March 21, 2022 – Decided March 30, 2022

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 92-12-1863.

Darin Hickson, appellant pro se.

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant appeals from a September 30, 2019 order denying his seventh petition for post-conviction relief (PCR) and a November 22, 2019 order denying reconsideration. Judge James X. Sattely entered the orders and rendered a written opinion concluding the petition is time barred. We affirm for substantially the reasons the judge gave and add these brief remarks.

In an indictment filed December 30, 1992, defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); first-degree robbery felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree armed robbery, N.J.S.A. 2C:15-1 (count three); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four). In January 1994, a jury acquitted defendant of murder and instead convicted him of the lesser-included offense of aggravated manslaughter. The jury convicted defendant of all other charges. After various mergers, the trial judge sentenced defendant to life imprisonment with thirty years of parole ineligibility. The convictions arose out of the May 1992 robbery of a jewelry store and the fatal stabbing of the store owner.

We affirmed defendant's conviction and sentence in July 1996. State v. Hickson, No. A-6126-93T4 (App. Div. July 8, 1996), and the Supreme Court subsequently denied certification, State v. Hickson, 146 N.J. 570 (1996).

2

Defendant filed his first petition for PCR on July 18, 1997. The first PCR judge denied the petition without an evidentiary hearing. Defendant appealed the denial, and we remanded the case for an evidentiary hearing on his claim of jury taint based on an allegedly improper communication with a Sheriff's Officer. After an evidentiary hearing on the matter, the first PCR judge denied defendant's petition, we affirmed, State v. Hickson, No. A-3901-99T4 (App. Div. Apr. 19, 2001), and the Court denied certification, State v. Hickson, 169 N.J. 610 (2001).

We then affirmed defendant's second and third petitions for PCR. State v. Hickson, No. A-5329-01T3 (App. Div. Oct. 31, 2003) (denying second petition), certif. denied, 179 N.J. 373 (2004); State v. Hickson, No. A-1741-04T3 (App. Div. Jan. 26, 2006) (denying third petition), certif. denied, 186 N.J. 607 (2006). In 2009, we affirmed an order denying defendant's motion to correct an illegal sentence, amounting to a fourth petition for PCR. State v. Hickson, No. A-0249-07T4 (App. Div. Apr. 14, 2009), certif. denied, State v. Hickson, 200 N.J. 471 (2009) (but remanding for a technical correction to the judgment of conviction). In 2010, defendant filed a motion for a new trial based on newly discovered evidence surrounding a purported immunity agreement between the State and two witnesses. We affirmed the order denying the motion. State v.

Hickson, No. A-0171-10T1 (App. Div. Feb. 8, 2012), certif. denied, State v. Hickson, 211 N.J. 275 (2012).

Defendant filed a motion for a reduction of his sentence under Rule 3:21-10 in 2014. The motion judge denied the motion in an order entered August 5, 2014, finding it was "in the nature of a PCR" and not a request for modification of sentence. We affirmed the order denying the motion, State v. Hickson, A-5907-13 (App. Div. Mar. 10, 2015), certif. denied, State v. Hickson, 223 N.J. 164 (2015).

In May 2016, defendant applied for assignment of a Public Defender in connection with his motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5). Defendant argued that his sentence was illegal because the indictment was void. The Office of the Public Defender denied defendant's application for assignment of counsel and instructed defendant that his motion should be brought as a PCR petition.

In 2018, defendant filed a sixth petition for PCR, claiming ineffective assistance of his trial and appellate counsel. On August 14, 2018, the judge dismissed the petition as time barred and because it did not allege any ineffective assistance by defendant's PCR counsel. On January 2, 2019, defendant re-submitted the petition, arguing that he received ineffective assistance from his

PCR counsel because PCR counsel failed to argue that his trial counsel should have challenged the jury instruction on felony murder and an allegedly void indictment. The PCR judge denied the petition as time-barred by Rule 3:22-12 on September 30, 2019. Defendant moved for reconsideration, which the judge denied on November 22, 2019.

On appeal, defendant asserts the following arguments:

POINT ONE

THE [JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR], RESULTING IN VIOLATIONS OF . . . DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ART. I[,] P[AR]. 10 [OF] THE CONSTITUTION AND LAWS OF THE STATE OF NEW JERSEY.

POINT TWO

[DEFENDANT] RELIES ON THE APPLICATION OF THE INJUSTICE EXCEPTION AS HIS [PCR] COUNSEL ON HIS FIRST AND SUBSEQUENT PETITIONS FOR [PCR] WAS INEFFECTIVE IN FAILING TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL RESULTING IN VIOLATIONS OF . . . DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENTS UNDER THE UNITED STATES CONSTITUTION AND ART. I[,] P[AR]. 10 OF THE CONSTITUTION AND LAWS OF THE STATE OF NEW JERSEY.

A-1679-19

A.  [PCR] Counsel Was Ineffective In Failing To Raise Ineffective Assistance Of Trial Counsel Because Trial Counsel Did Not Challenge The Trial [Judge's] Failure To Charge The Jury On The Predicate Felony Of First-Degree Robbery Within The Felony Murder Charge Under Count Two Resulting In Prejudice And A Substantial Denial In The Conviction Proceedings Of Defendant's Sixth And Fourteenth Amendment Rights Of The Constitution Of The United States And Art. I[,] Par. 10 Of The Constitution And Law[s] Of The State Of New Jersey.

B.  [PCR] Counsel Was Ineffective In Failing To Raise Ineffective Assistance Of Trial Counsel Because Trial Counsel Did Not Challenge The Fact That . . . Defendant Has Been Served, Tried, Convicted, And Sentenced Upon An[] Invalid And Void Indictment Thus Results In Denial Of Fundamental Fairness In A Constitutional Sense, Thus Resulting In Prejudice And Substantial Denial In The Conviction Proceedings Of Defendant's Sixth And Fourteenth Amendment Rights Of The Constitution Of The United States And Art. I[,] Par. 8 And Art. I[,] Par. 10 Of The Constitution And Laws Of The State Of New Jersey.[1]

POINT THREE

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE TRIAL COUNSEL DID NOT CHALLENGE THE TRIAL [JUDGE'S] ERROR WHERE [HE] DID NOT INSTRUCT THE JURY TO THE ELEMENTS OF THE PREDICATE FELONY OF

---

[1]  To comport with our style conventions, we have altered the capitalization of defendant's subpoints A and B but have omitted these alterations for readability.

6                                                                          A-1679-19

FIRST[-]DEGREE ROBBERY WITHIN THE FELONY MURDER JURY INSTRUCTION THUS VIOLATING DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, A FAIR TRIAL AND DUE PROCESS OF LAW RESULT IN PREJUDICE AND A SUBSTANTIAL DENIAL IN THE CONVICTION PROCEEDINGS OF DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE CONSTITUTION OF THE UNITED STATES AND ART. I[,] P[AR]. 10 OF THE CONSTITUTION AND LAWS OF THE STATE OF NEW JERSEY.

POINT FOUR

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO CHALLENGE THE FACT THAT . . . DEFENDANT HAS BEEN SERVED[,] TRIED, CONVICTED, AND SENTENCED UPON AN[] INVALID AND VOID INDICTMENT THUS RESULTS IN DENIAL OF FUNDAMENTAL FAIRNESS IN A CONSTITUTIONAL SENSE, THUS RESULTING IN PREJUDICE AND SUBSTANTIAL DENIAL IN THE CONVICTION PROCEEDINGS OF DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE CONSTITUTION OF THE UNITED STATES AND ART. I[,] P[AR]. 8 AND 10 OF THE CONSTITUTION AND LAWS OF THE STATE OF NEW JERSEY.

When a PCR judge does not conduct an evidentiary hearing—like here—we review the PCR judge's factual findings and legal conclusions de novo. See State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

Applying that standard, we agree that the judge correctly denied defendant's petition for the reasons expressed in his written decision. We find no merit in any of defendant's contentions and conclude that he failed to establish that his petition was not time-barred, and in any event, that his contentions did not meet the two-prong test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).

Rule 3:22-4(b)(1) requires that a second or subsequent PCR petition be dismissed unless it is timely filed in accordance with Rule 3:22-12(a)(2). A second or subsequent PCR petition that alleges ineffective assistance of counsel "that represented the defendant on the first or subsequent application for" PCR, must be filed no more than one year after "the date of the denial of the first or subsequent application for [PCR]." R. 3:22-12(a)(2)(C).

The one-year time limitation "is absolutely prohibited" by court rule from being enlarged for second or subsequent PCR petitions. State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)) (explaining the Court's recent rule amendments made evident "that 'no second or subsequent petition shall be filed more than one year after' the date one of the three claims accrued" (quoting R. 3:22-12(a)(2))); see

R. 3:22-12(b) ("These time limitations shall not be relaxed, except as provided herein."). And appellate review of a defendant's conviction or previous PCR petition does not toll the time limitation of Rule 3:22-12. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (finding the Court's omission of any provision in Rule 3:22-12 to toll the time limit while direct appellate relief is available to be intentional).

Here, defendant is alleging ineffective assistance by his PCR counsel on his previous PCR petition. Defendant had one year from the denial of the August 5, 2014 petition—August 5, 2015—to bring a timely PCR petition. See R. 3:22-12(a)(2)(c). Defendant filed this PCR petition first in August 2018 and re-submitted it in January 2019, more than three years after the previous PCR's denial. For that reason, his petition is time-barred.

We are convinced that defendant's ineffective-assistance-of-counsel claims are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1679-19