**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1668-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAQUAN L. LEE, a/k/a JAQUAN
JULIUS LEE, JACQUAN LEE,
JAQUEAN J. LEE, JAKWAN J.
LEE, JAKWAN LARRY LEE, and
JAKWAM L. LEE,

     Defendant-Appellant.

_____

Submitted April 10, 2024 – Decided April 26, 2024

Before Judges Firko, Susswein and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 07-12-1019.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Robert C. Pierce, Designated Counsel, on the briefs).

William C. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jaquan L. Lee appeals from a November 18, 2021 oral decision and subsequent November 23 memorializing order denying his second petition for post-conviction relief (PCR) and motion for a new trial. Based on our careful review of the record, we affirm, as defendant's assertions have either already been fully litigated or are procedurally time-barred.

The salient facts and procedural history were previously detailed in our decision on defendant's direct appeal, State v. Lee (Lee I), Nos. A-2842-10, A-3813-10 (App. Div. Aug. 12, 2013). We briefly summarize only the facts material to our determination of defendant's second PCR appeal.

Defendant was involved in three robberies. The first robbery occurred after midnight on July 30, 2007. Two teenagers were walking in Elizabeth when a white sedan stopped in the middle of the street. The car drove off and a few minutes later, the teenagers were approached by three men armed with a shotgun. The men robbed the boys of their cell phones, iPod, and cash.

A few minutes later, the men robbed three friends who were out celebrating a twentieth birthday. The men threatened the friends with shotguns and took a purse, car keys, a wallet, and a passport. Shortly after that, the men

approached a group of teenagers outside. The men had shotguns and took phones, wallets, cash, and IDs from several of the teenagers.

Witnesses to the robberies described one of the robbers as a short, stocky man with dreadlocks. Witnesses said this robber was wearing a blue bandana around his mouth and nose and a hoodie. Witnesses also said this robber was holding the shotgun. The other two men were described as taller and slimmer, with one wearing a Detroit Lions hat.

Police were called after each robbery and had descriptions of the robbers, their vehicle, and their license plate. Two Elizabeth police officers on patrol, Guillermo Valladares and Jose Torres, observed the vehicle as well as four individuals near the vehicle. The officers arrested defendant and Tony Canty, while the other two individuals fled the scene. When defendant was arrested, he was wearing a Detroit Lions hat. Canty was wearing a blue bandanna.

The two officers searched the vehicle and seized two sawed-off shotguns. They also seized several bags of vegetation, a Detroit Lions jacket, a wallet, and a pocketbook and social security card belonging to Sade Ingram — the woman driving the vehicle at the time of the robberies — who was in a relationship with defendant.

On December 6, 2007, a grand jury charged defendant with eight counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts one through eight); two counts

of third-degree unlawful possession of a weapon without a proper license, N.J.S.A. 2C:39-5(c)(1) (counts nine and ten); two counts of third-degree unlawful possession of a weapon, a loaded shotgun, N.J.S.A. 2C:39-5(c)(2) (counts eleven and twelve); third-degree possession of a prohibited weapon, a sawed-off shotgun, N.J.S.A. 2C:39-3(b) (counts thirteen and fourteen); two counts of second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (counts fifteen and sixteen); and third-degree receipt of stolen property, N.J.S.A. 2C:20-7 (count seventeen). In a separate indictment, defendant was also charged with a second-degree weapons charge under N.J.S.A. 2C:39-7.

Count seventeen was dismissed prior to trial. On June 17, 2010, the jury found defendant guilty on all remaining counts. Defendant appealed his conviction. We affirmed the conviction but remanded for resentencing. Lee I, slip op. at 38. On September 20, 2013 defendant was resentenced to fifteen years with an eighty-five percent parole ineligibility period pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on counts one and two; ten years with an eighty-five percent parole ineligibility period pursuant to NERA on counts three, four, and five to run consecutively with count one; ten years with an eighty-five percent parole ineligibility period pursuant to NERA on counts six, seven, and eight to run consecutively with count one and three. On

4

counts nine, ten, eleven, twelve, thirteen, and fourteen, the sentence of four years remained unchanged and was to run concurrently with count one. Counts fifteen and sixteen merged into counts one through eight. We heard defendant's appeal on our sentencing calendar pursuant to Rule 2:9-11 and affirmed. State v. Lee (Lee II), No. A-2141-13 (App. Div. Apr. 7, 2014).

On October 27, 2014, defendant filed a PCR petition, which the first PCR court denied on January 5, 2018. We affirmed the first PCR court's order denying defendant's petition on July 21, 2020. State v. Lee (Lee III), No. A-3209-17 (App. Div. Jul. 21, 2020). The Supreme Court denied certification. State v. Lee, 244 N.J. 434 (2020).

On September 21, 2020, defendant filed a second PCR petition and a motion for a new trial based on newly discovered evidence. In his second PCR petition, defendant argues he was denied effective assistance of counsel because his counsel failed to consult with a DNA expert. Defendant also argues that he was prejudiced at trial because he was unaware of an internal affairs (IA) investigation regarding an off-duty incident involving Sergeant Michael Sandford of the Union County Police Department, who testified at the trial as a firearms expert. Defendant's second PCR petition and motion for new trial was denied in an oral decision November 18, 2021 following a non-evidentiary hearing. A memorializing order was entered on November 23, 2021.

The second PCR court found that, on appeal from denial of his first PCR petition, we addressed defendant's allegation his trial counsel was deficient for failing to spend sufficient time reviewing the DNA evidence with him during trial. The second PCR court also held that we previously found no error in the first PCR court's decision there was no evidence to support defendant's argument his trial counsel failed to discuss a last-minute plea negotiation with him. Further, the second PCR court found that defendant's argument his trial counsel was ineffective for failing to seek a jury instruction regarding Ingram's admission was clearly raised on direct appeal.

Finally, the second PCR court found that Sandford's IA investigation did not constitute newly discovered evidence as to warrant a new trial. The IA investigation was twenty-two years old and the incident surrounding the investigation occurred when Sandford was off duty. The second PCR court also found that Sandford's testimony was limited and not material.

This appeal followed. Defendant raises the following arguments for our consideration:

> POINT I
>
> SAN[D]FORD'S [IA] INVESTIGATION WAS GERMANE TO A CASE RESTING LARGELY ON WITNESS CREDIBILITY; WHETHER TREATED AS A MOTION FOR [A] NEW TRIAL OR AS AN ADDITIONAL GROUND FOR PCR, [DEFENDANT]

6

RAISED A VALID ISSUE AND WAS ENTITLED TO RELIEF.

    A. [DEFENDANT] ESTABLISHED GROUNDS FOR [A] NEW TRIAL.

    B. [DEFENDANT] ESTABLISHED GROUNDS FOR [PCR].

    C. THE TRIAL COURT ERRED BY NOT ORDERING AN EVIDENTIARY HEARING.

POINT II

THERE WAS NO DECISION CONCERNING [DEFENDANT'S] ALLEGATION THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBTAIN A DNA EXPERT.

POINT III

THE FIRST PCR APPELLATE COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ABOUT SADE INGRAM'S ADMISSION.

POINT IV

THE FIRST PCR APPELLATE COUNSEL FAILED TO PURSUE THE SPEEDY TRIAL ISSUE.

I.

Defendant argues he is entitled to a new trial based on newly discovered evidence. Sargeant Sandford, the officer who testified to the shotgun and rounds from the vehicle used during the robberies, was subject to a 1988 IA investigation regarding a firearm which found that during an off-duty altercation

Sandford's weapon fell to the ground. Sandford reported that he immediately picked up the weapon. The IA investigation concluded that Sandford was not truthful in his reports, and another individual actually found the weapon and returned it to him.

Defendant argues that Sandford has a history of "(1) losing a firearm, (2) lying about the loss, and (3) conspiring with other law enforcement agents to conceal the truth." Defendant argues that because the firearm at issue in his case was analyzed by Sandford, the newly discovered evidence of Sandford's prior history could have been used to challenge the chain of custody and the material elements of this offense.

The State argues the second PCR court properly denied defendant's motion because the judge considered all the evidence and applied the factors set forth in Brady v. Maryland, 373 U.S. 83 (1963), and State v. Carter, 85 N.J. 300, (1982)[1].

---

[1] In State v. Carter, our Court remanded the matter back to the Law Division "to take further testimony and make findings of fact" to determine whether the Brady rule was violated. 85 N.J. at 315-16. Our Court retained jurisdiction. Id. at 316. On remand, the Law Division "held extensive hearings and submitted detailed findings . . . [and] found that there was no Brady violation, and that a new trial was not warranted." State v. Carter, 91 N.J. 86, 95 (1982). Our Court then affirmed. Id. at 131.

"A motion for a new trial based on the ground for newly[]discovered evidence may be made at any time, but if an appeal is pending, the court may grant the motion only on remand of the case."  R. 3:20-2.  Our Supreme Court

> has stated repeatedly that to qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.
>
> [Carter, 85 N.J. at 314 (citing State v. Artis, 36 N.J. 538, 541 (1962)).]

"The Brady disclosure rule applies to information of which the prosecution is actually or constructively aware."  State v. Nelson, 330 N.J. Super. 206, 213 (App. Div. 2000).  "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf . . . ."  Kyles v. Whitley, 514 U.S. 419, 437 (1995).  On the other hand, "showing that the prosecution knew of an item of favorable evidence unknown to the defense does not amount to a Brady violation, without more."  Id. at 437-38.  "[W]hether the prosecutor succeeds or fails in meeting this obligation . . . the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable."  Ibid.

A-1668-21

The analysis for a new trial under <u>Brady</u> and <u>Carter</u> differs slightly, in that the threshold for materiality under the latter is "more stringent." <u>State v. Henries</u>, 306 N.J. Super 512, 534 (App Div. 1997). "[D]efendant must establish that the evidence must not only have not been discovered until after trial, but could not have been with due diligence." <u>Ibid.</u> "The critical issue . . . is whether the additional evidence probably would have affected the outcome, regardless of whether it is characterized as impeachment evidence." <u>Id.</u> at 535.

Under the first prong of <u>Carter</u>, "[m]aterial evidence is any evidence that would 'have some bearing on the claims being advanced.'" <u>State v. Ways</u>, 180 N.J. 171, 188 (2004) (quoting <u>Henries</u>, 306 N.J. Super. at 531). "Determining whether evidence is 'merely cumulative['] . . . and, therefore, insufficient to justify the grant of a new trial requires an evaluation of the probable impact such evidence would have on a jury verdict." <u>Id.</u> at 188-89.

Under the second prong, "new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." <u>Id.</u> at 192. Prong two "encourage[s] defendants and attorneys to act with reasonable dispatch in searching for evidence before the start of the trial." <u>Ibid.</u>

Finally, under prong three:

> The characterization of evidence as "merely cumulative, or impeaching, or contradictory" is a

10

> judgment that such evidence is not of great significance and would probably not alter the outcome of a verdict. However, evidence that would have the probable effect of raising a reasonable doubt as to the defendant's guilt would not be considered merely cumulative, impeaching, or contradictory.
>
> [Id. at 189.]

The second PCR court agreed with the State's position that the newly acquired evidence of the IA investigation regarding Sandford's off-duty incident was not material. The second PCR court found the IA investigation regarding the off-duty incident was twenty-two years old and Sandford was testifying at trial in his official capacity as a firearms expert. The second PCR court concluded Sandford's credibility was not an issue at trial because he was only there to provide limited testimony and knew nothing about the facts of the case. At trial, Sandford testified only as to his examination of the involved weapons since he did not participate in the arrest of defendant and was only asked to provide an opinion after viewing the firearms.

We hold the newly discovered evidence was not material to defendant's case and would not probably change the jury's verdict if a new trial were granted. Under Brady and Carter, defendant has not shown that the prosecution purposely withheld material information related to Sandford's IA investigation. Therefore,

11

we reject defendant's claim that he is entitled to another trial on the grounds of newly discovered evidence.

## II.

Defendant argues ineffective assistance of counsel because his trial counsel failed to obtain a DNA expert. He also asserts his first PCR counsel failed to request a jury instruction about Ingram's admission and failed to pursue a speedy trial.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Id. at 420. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, "ensures . . . a defendant was not unjustly convicted." State v. McQuaid, 147 N.J. 464, 482 (1997).

A-1668-21

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction." Id. at 58.

We need not address whether defendant's second PCR petition meets the Strickland standard as we affirm the second PCR court's conclusion defendant's petition is time-barred under Rule 3:22-12(a)(2). Second or subsequent PCR petitions must comply with the requirements of Rule 3:22-4(b) and Rule 3:22-12(a)(2). To avoid dismissal of a second–or subsequent–PCR petition, the petition must be timely filed under Rule 3:22-12(a)(2). R. 3:22-4(b)(1). Rule 3:22-4(b) contains no exceptions to the time-bar for second or subsequent PCR petitions. Rule 3:22-12(a)(2)(C) specifically provides "no second or subsequent petition shall be filed more than one year after . . . the date of the denial of the first . . . application for [PCR]" based on ineffective assistance of counsel. An

13

appeal of defendant's first PCR petition does not toll the time limitation of Rule 3:22-12. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986); see State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996).

Defendant was required to file his second PCR petition within one year of January 5, 2018, the date his first PCR petition was denied. However, he did not file his second PCR petition until September 21, 2020, and, therefore, the trial court did not err in concluding it is time-barred under Rule 3:22-12(a)(2)(C).

Moreover, notwithstanding that defendant's second PCR petition is procedurally time-barred, we previously rejected defendant's claim the instructions given to the jury were erroneous on direct appeal, where we found there was no plain error. In our opinion regarding his first PCR petition, we addressed defendant's argument that his trial counsel was ineffective for failing to consult a DNA expert. Since these claims were previously adjudicated, they are barred under Rule 3:22-5. Additionally, the first PCR court rejected defendant's argument that his trial counsel's failure to pursue a speedy trial amounted to ineffective assistance of counsel. Since defendant did not address this issue on his first PCR appeal, we deemed it waived. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

Because defendant has not satisfied the factors set forth in <u>Brady</u> or <u>Carter</u> for a new trial based on newly discovered evidence and defendant's second PCR petition was not filed within the time limitation proscribed under <u>Rule</u> 3:22-12(a)(2), we affirm the second PCR court's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15