# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2367-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

K.D.C.,[1]

      Defendant-Appellant.

_____

Submitted April 29, 2025 – Decided May 19, 2025

Before Judges Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 15-09-1224 and 16-04-0547.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

---

[1] In defendant's prior appeals, we used initials to protect the identity of child victims of sexual assault and abuse, witnesses and other individuals involved. R. 1:38(d)(11). For the same reasons and to maintain consistency, we use initials in this opinion.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant K.D.C. appeals from two orders, November 9, 2023 and March 28, 2024, as amended, denying his second petition for post-conviction relief (PCR). Defendant argues that the PCR court erred in denying his request for counsel on his second PCR petition, which he claims was timely filed. Having conducted a de novo review of the record, we reject defendant's arguments and affirm.

I.

The following facts are derived from the record. In 2015, a Hudson County grand jury returned a twenty-four-count indictment against defendant for various charges related to child sexual assault and child pornography. In 2016, defendant was indicted for two additional counts of child endangerment.

On October 28, 2016, pursuant to a plea agreement, on the first indictment, defendant pled guilty to two counts of first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3); one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a); and on the second indictment, he plead guilty to one count of second-degree endangering the welfare of a child, N.J.S.A.

2C:24-4(b)(5)(a)(i). On September 15, 2017, consistent with the plea agreement, defendant was sentenced to an aggregate term of twenty-five years' imprisonment subject to periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed, and we affirmed his convictions and sentence. State v. K.D.C., No. A-3080-17 (App. Div. Feb. 21, 2020). However, we remanded the matter for resentencing on the limited issue of the Sex Crime Victim Treatment Fund Penalty (SCVTF) imposed. On May 19, 2020, our Supreme Court denied defendant's petition for certification. State v. K.D.C., 241 N.J. 510 (2020). On June 9, 2021, the PCR court denied defendant's first PCR petition, which we affirmed on appeal. State v. K.D.C., No. A-2905-20 (App. Div. June 15, 2022). On November 14, 2022, the Supreme Court denied defendant's petition for certification. State v. K.D.C., 252 N.J. 321 (2022).

On August 27, 2023, defendant, representing himself, filed a second PCR petition. On November 9, 2023, the PCR court denied the appointment of PCR counsel and denied the petition on its merits. On December 21, 2023, defense counsel entered a notice of appearance on defendant's behalf, and on January 23, 2024, counsel submitted a letter brief in support of defendant's motion for

3

reconsideration of the denial of both the appointment of counsel and the second PCR petition.

On February 26, 2024, the PCR court conducted oral argument on defendant's reconsideration motion, during which defense counsel argued on defendant's behalf and in support of his motion for reconsideration of the November 9, 2023 order. On the same date, the PCR court denied reconsideration.

On March 26, 2024, the PCR court issued an order, clarifying that the November 9, 2023 order pertained to both indictments against defendant. On March 28, 2024, the PCR court issued an amended opinion memorializing its February 26, 2024 order denying reconsideration.

On appeal, defendant raises the following argument, with subparts, for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR COUNSEL ON [HIS] SECOND PCR.
>
> [A]: Defendant should have been appointed [c]ounsel on [s]econd PCR.
>
> [B]: Defendant's [s]econd PCR [w]as [f]iled on [t]ime.

4

II.

Because the PCR court's findings were made without an evidentiary hearing, we review its legal conclusions de novo. State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (citing State v. Harris, 181 N.J. 391, 421 (2004)). Rule 3:22-4(b) provides, in relevant part:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R[ule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that a second or subsequent PCR petition is timely only if it is filed within one year of "the date on which the [new] constitutional right

5

asserted was initially recognized"; "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence"; or "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented [] defendant on the first or subsequent application for [PCR] is being alleged."

"[E]nlargement of Rule 3:22-12's time limits 'is absolutely prohibited.'" State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)). "These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b). Thus, a court may not generally enlarge these time frames.

Assignment of counsel is required only on the first PCR petition. See State v. Rue, 175 N.J. 1, 13 (2002). On a second PCR petition, Rule 3:22-6(b) provides for the assignment of counsel only upon a showing of good cause, which "exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R. 3:22-4." The appointment of counsel on a second or subsequent PCR petition requires "the court's satisfaction that there is some merit in

6

the subsequent petition and that it is not wholly frivolous." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-6 (2025).

To overcome dismissal of a second PCR petition, defendant must demonstrate timeliness of the petition and a prima facie showing of ineffective assistance of prior PCR counsel. Because the PCR court found defendant's second PCR petition both procedurally and substantively deficient in establishing either of these prongs, it denied the appointment of counsel. We discern no error in that decision.

As to the timeliness of defendant's filing of his second PCR petition, defendant acknowledges that his second PCR petition was filed beyond the one-year deadline of the denial of his first PCR petition. However, he argues that the timing of the filing should have been tolled until his petition for certification of the denial of his first PCR claim was decided because Rule 3:22-12(a)(2) does not specifically prohibit such tolling. Defendant also contends that with the assistance of counsel he could have addressed the deficiencies in his petition. These contentions are without merit.

Rule 3:22-12(b) specifically prohibits the relaxation of these time limitations. There is no tolling provision for pending appeals. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986); see State v. Milne, 178 N.J. 486, 494 (2004). Defendant fails to identify any exceptional circumstances or excusable neglect that may warrant

relaxation of this time bar. See State v. Afanador, 151 N.J. 41, 52 (1997); State v. Goodwin, 173 N.J. 583, 593-94 (2002). We affirm the PCR court's determination that defendant's petition is time-barred.

Even if we agreed defendant's second PCR petition was timely filed, it lacks substantive merit. Defendant contends the PCR court further erred in not appointing counsel to represent him on his second PCR petition because counsel could have investigated whether the ineffective assistance of counsel claims "might be" based on newly discovered evidence. These claims are based on alleged failures by his first PCR counsel and PCR appellate counsel to subpoena police reports and hire an investigator to investigate facts related to defendant's motion to suppress. We are not persuaded by this argument.

"A defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 376 (2012) (citations omitted). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, defendant must establish that counsel's performance was not only deficient but also that defendant suffered prejudice to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Here, the PCR court considered the merits of the alleged ineffective assistance of counsel claims and found them to be lacking. Defendant's ineffective assistance claims against PCR counsel and PCR appellate counsel amount to bald assertions and lack specificity to establish good cause for the appointment of counsel. R. 3:22-6(b). Therefore, we affirm the PCR court's conclusion that defendant's ineffective assistance of counsel claims regarding PCR counsel's failure to subpoena police reports or hire a private investigator, without more, are speculative and insufficient to justify an evidentiary hearing.

For these reasons, we are satisfied the PCR court properly denied defendant's second PCR petition without the assignment of PCR counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2367-23