**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3526-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY SIMS, JR.,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided January 2, 2026

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-08-1335.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony Sims, Jr. appeals from a June 11, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The facts leading to defendant's convictions are detailed in State v. Sims, 466 N.J. Super. 346 (App. Div. 2021), rev'd, 250 N.J. 189 (2022) (upholding the trial court's admission of statements made to law enforcement by defendant and the victim and remanding to this court to consider defendant's prosecutorial misconduct and excessive sentencing arguments). On remand, we rejected defendant's remaining arguments and affirmed. State v. Sims, No. A-2641-17 (App. Div. Apr. 18, 2022).

Defendant filed a petition for certification on the remanded issues, which our Court denied. State v. Sims, 250 N.J. 493 (2022). The United States Supreme Court denied defendant's petition for a writ of certiorari. Sims v. New Jersey, 598 U.S. ___, 143 S. Ct. 409 (2022).

On January 27, 2023, defendant filed a PCR petition. The PCR application was filed five years, five months, and nine days after defendant's 2017 convictions for attempted murder, related weapons offenses, and other charges.

A-3526-23

In his PCR petition, defendant argued his defense counsel was ineffective based on various trial decisions. He also asserted the State violated State v. Brady, 373 U.S. 83 (1964), by failing to turn over evidence related to a specific testifying witness, and his trial attorney should have filed a motion to suppress that witness's testimony. He further argued his trial counsel was ineffective by failing to investigate potentially exculpatory witnesses and an alibi witness. Additionally, he contended the State improperly introduced evidence of the victim's photo identification of defendant contrary to the Attorney General's guideline governing photo identifications.

In a fifteen-page opinion issued on June 11, 2024, the PCR judge denied defendant's petition on procedural and substantive grounds. The judge determined defendant's PCR petition was untimely under Rule 3:22-12 because it was filed more than five years after defendant's August 29, 2017 judgment of conviction. Further, the judge explained defendant failed to present any competent evidence warranting relaxation of the five-year time bar.

The PCR judge rejected defendant's argument that the pendency of his direct appeal tolled the time for filing the PCR petition. Under Rule 3:22-12(a)(3), the judge noted that if a PCR petition is filed during the pendency of a direct appeal, and the petition is dismissed without prejudice, the defendant has

"a [ninety]-day window from the date of the judgment on direct appeal to refile the petition" and "which shall be treated as a first petition." The judge stated defendant's "ignorance of the law and rules of the court d[id] not constitute excusable neglect." Consequently, the judge found defendant's PCR petition untimely.

Notwithstanding the procedural grounds for rejecting defendant's petition, the judge addressed the merits of his PCR arguments. The judge concluded defendant failed to establish a prima facie showing of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987) (adopting the two prong Strickland test in New Jersey).

Regarding the failure to investigate potential exculpatory witnesses, the PCR judge found defendant "failed to provide a shred of evidence" the purported exculpatory witnesses should have been investigated by his trial attorney. According to defendant, there were eight individuals present at the shooting scene who would have testified he was not the shooter. However, none of the individuals submitted an affidavit in support of defendant's PCR contention. Further, two of the individuals identified by defendant gave statements to the police following the shooting. The State provided these statements to defendant in discovery. In their statements, those two individuals described the shooter

4

generally but were unable to identify the shooter, nor exculpate defendant as the shooter. For these reasons, the PCR judge concluded trial counsel was not ineffective in failing to investigate the alleged exculpatory witnesses.

The PCR judge also rejected defendant's argument regarding his trial counsel's failure to investigate an alibi witness. The judge found defense counsel investigated the alibi witness and elected not to call the witness at trial.

The alibi witness claimed to have been with defendant in Long Branch at the time of the shooting in Red Bank. The judge concluded defense counsel's decision against calling this alibi witness was "based on sound trial strategy" given the "substantial evidence that the State could have relied upon to contradict any alibi testimony." The State's evidence included cell tower data placing defendant's cell phone in Red Bank around the time of the shooting and text messages between defendant and the alibi witnesses suggesting defendant was not with the alibi witness at the time of the shooting.

The PCR judge also rejected defendant's ineffective assistance of counsel arguments related to the failure to suppress defendant's statement to the police and the victim's photo identification of defendant. Defendant's PCR counsel acknowledged these arguments were the subject of defendant's direct appeal.

5

However, defendant's PCR counsel incorporated the arguments because defendant raised the issues in his self-represented brief in support of the petition.

As the judge explained, Rule 3:22-5 provides "prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction . . . or in any appeal taken from such proceedings" and bars adjudication of a PCR issue that is identical or substantially equivalent to the issue previously resolved on the merits. Because the victim's photo identification of defendant and suppression of defendant's statement to law enforcement were addressed on direct appeal, the judge concluded the issues could not be raised in a PCR petition.

Regarding the alleged Brady violation in the form of the State's alleged withholding of exculpatory evidence related to a specific witness, the judge found the State provided defense counsel with all evidence in its possession regarding that witness. Because the individual did not witness the shooting but merely "saw people running from the scene and called 9-1-1," the judge found "the fact [the witness] could not identify defendant as the shooter [wa]s not exculpatory."

The PCR judge also rejected defendant's excessive sentencing argument. Defendant claimed his defense attorney failed to advise him of exposure to an

extended-term sentence. Thus, defendant argued he was unable to make an informed decision whether to accept the plea offer.

The PCR judge concluded defendant's argument lacked "support in the record." The judge specifically found the prosecutor, at least twice, advised defendant during the plea cutoff proceeding that he faced a mandatory extended term if convicted after a trial. The prosecutor also explained during the plea cutoff proceeding "that the proposed plea offer would waive the extended term."

Additionally, the judge found defense counsel stated he explained the plea offer to defendant and the post-trial exposure if defendant was convicted after a trial. At the plea cutoff proceeding, defendant expressly stated he understood he faced a mandatory extended term if convicted after a trial. Despite his understanding of the potential consequences, defendant rejected the State's plea offer, stating: "With all due respect, I decline."

On appeal, defendant raises the following arguments:

POINT I

> THE FIVE-YEAR LIMITATION PERIOD FOR
> FILING PCR PETITION SHOULD HAVE BEEN
> RELAXED, AND THE PCR COURT'S FINDING
> THAT DEFENDANT FAILED TO DEMONSTRATE
> EXCUSABLE NEGLECT SHOULD BE REVERSED.

POINT II

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(A) TRIAL COUNSEL'S FAILURE CALL EXCUPLATORY WITNESSES AT TRIAL.

(B) TRIAL COUNSEL'S FAILURE TO CALL A POTENTIAL ALIBI WITNESS TO TESTIFY AT TRIAL.

(C) TRIAL COUNSEL'S FAILURE TO ADVISE DEFENDANT OF HIS EXTENDED-TERM SENTENCE EXPOSURE IF CONVICTED, BUT FOR WHICH DEFENDANT WOULD HAVE ACCEPTED THE STATE'S PLEA OFFER.

POINT III

DEFENDANT WAS ENTITLED TO POST-CONVICTION RELIEF DUE TO A BRADY VIOLATION.

POINT IV

THE ISSUE RAISED ON PCR OF WHETHER OR NOT THERE WAS A VIOLATION OF THE ATTORNEY GENERAL'S GUIDELINES FOR CONDUCTING PHOTO IDENTIFICATIONS WERE VIOLATED WAS NEVER PREVIOUSL RAISED ON APPEAL, AND THE COURT'S RULING THAT IT WAS BARRED IN THIS PCR WAS IN ERROR.

"We review the legal conclusions of a PCR court de novo." State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing State v. Harris, 181 N.J. 391, 419 (2004)). Additionally, we apply "a de novo standard of review when a PCR court does not conduct an evidentiary hearing." Ibid. (citing State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)).

We reject defendant's argument that the judge erred in finding his PCR petition time barred. Rule 3:22-12(a)(1)(A) bars consideration of a PCR petition filed more than five years from the date of conviction absent demonstrating the delay was due to "defendant's excusable neglect" and enforcement of the time bar would "result in a fundamental injustice." When considering whether to relax the five-year time period, we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

Defendant filed his PCR petition more than five years following his conviction. Thus, defendant was required to demonstrate excusable neglect and a fundamental injustice to overcome the time bar.

A-3526-23

When alleging excusable neglect, "[t]he petition itself must allege the facts relied on to support the claim." State v. Mitchell, 126 N.J. 565, 577 (1992). Ignorance of legal principles or rules does not constitute excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000) (noting a "[d]efendant's assertion that he lacks sophistication in the law does not satisfy the exceptional circumstances required by [Mitchell]").

Defendant asserted "[he] filed [his] PCR quickly after the Appellate Division affirmed the trial court on the remand proceedings from the Supreme Court. Had [he] filed any sooner, [his] PCR would have probably been dismissed because of the pending appellate matters." However, "the pendency of a direct appeal does not toll the running of the five-year limitations period imposed by Rule 3:22-12." State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996) (citing State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986)).

Rule 3:22-6A(2) governs the procedure for a petition for certification when there is a pending direct appeal. The Rule provides:

> If a direct appeal, including a petition for certification, is pending . . . the petition shall be dismissed without prejudice. If the defendant refiles the petition within [ninety] days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry . . . of the judgment of conviction being

challenged, it shall be considered a first petition for post-conviction relief.

[R. 3:22-6A(2).]

Assuming defendant had filed his PCR petition timely, the petition would have been dismissed without prejudice, and defendant would have had ninety days following the judgment on direct appeal to re-file his PCR. Contrary to defendant's argument, the pendency of his direct appeal did not preclude his filing of a PCR appeal within ninety days following disposition of his direct appeal.

Moreover, defendant did not demonstrate any injustice sufficient to warrant relaxation of the five-year time bar. As the PCR judge aptly found, defendant failed to raise any substantial constitutional questions challenging his convictions.

In examining the merits of defendant's PCR petition, the judge correctly concluded defendant failed to demonstrate a prima facie case for ineffective assistance of counsel under Strickland/Fritz. To establish ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). More specifically, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an

objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. "Specifically, a defendant alleging actual ineffectiveness must show that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 694).

Exculpatory Witnesses

Based on the trial evidence, and for the detailed reasons stated by the PCR judge, defendant failed to provide sufficient evidence that his witnesses would have proffered exculpatory trial testimony. None of the eight witnesses submitted an affidavit detailing their purported exculpatory testimony.

Further, even assuming defendant's proffered witnesses would have provided exculpatory evidence at trial, defense counsel's decision to reject calling those individuals to testify at trial was a matter of trial strategy. See State v. Echols, 199 N.J. 344, 358 (2009) ("[A]n otherwise valid conviction will not be overturned merely because defendant is dissatisfied with his or her counsel's exercise of judgment during the trial."); see also State v. Bey, 161 N.J. 233, 251 (1999) ("Merely because a trial strategy fails does not mean that counsel was ineffective."). We agree defense counsel was not ineffective in

failing to present testimony from any of the purported exculpatory witnesses under these facts.

Alibi Witnesses

Similarly, the PCR judge properly rejected defendant's claim that defense counsel's failure to call the alibi witness constituted ineffective assistance of counsel. Having reviewed the record, we agree with the PCR judge that the State had ample evidence to refute any alibi testimony. Thus, defense counsel's decision to not to call the alibi witness was based on sound trial strategy given the strength of the State's evidence contradicting the information to be proffered by the alibi witness.

Excessive Sentencing

We also reject defendant's argument that his trial counsel was ineffective in failing to properly advise of the exposure to an extended-term sentence if defendant was convicted at trial. Defendant's argument on this point is belied by the record.

Defendant was advised by the prosecutor and his defense attorney of the potential extended-term sentence if he went to trial and was convicted. Moreover, during the plea cutoff proceeding, defendant told the judge he understood he faced a mandatory extended term if he was convicted after a trial.

We are satisfied defendant was properly informed of the potential exposure to an extended-term sentence and his trial counsel was not ineffective under the circumstances.

Because defendant failed to establish a prima facie case for PCR under Strickland/Fritz, he was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992).

Alleged Brady Violation

Regarding defendant's Brady argument in support of PCR, we are satisfied this argument could and should have been raised on direct appeal. Rule 3:22-4(a)(2) bars claims that could have been raised on direct appeal from being re-litigated in a subsequent PCR petition in the absence of a fundamental injustice.

Moreover, defendant's Brady argument fails to rise to the level of a fundamental injustice for the reasons stated by the PCR judge. Defendant received all evidence in the State's possession regarding the witness who made the 9-1-1 call and spoke to law enforcement. Moreover, because the individual did not witness the shooting, the fact the witness could not identify defendant as the shooter was not exculpatory evidence required to be disclosed by the State.

14

Photo Identification

We also reject defendant's argument that the PCR judge erred in determining the alleged violation of the Attorney General's guidelines for conducting photo identifications was barred because the issue was raised on direct appeal. The PCR judge properly determined the victim's identification of defendant from a single photograph presented by law enforcement was raised on direct appeal.

The New Jersey Supreme Court specifically considered "the trial court's decision to admit into evidence [the victim's] testimony at the Wade/Henderson hearing at defendant's trial" which included the victim's identification of defendant from a photograph. Sims, 250 N.J. at 218. In rendering its decision, the Court considered the circumstances surrounding the admission of the victim's identification, including potential issues related to eliciting the identification and the victim's familiarity with defendant. Under the circumstances, the PCR judge did not err in determining any issues related to the victim's photo identification were adjudicated on direct appeal. Thus, the judge correctly held this PCR claim was procedurally barred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-3526-23